**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1928-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

YERO TAKUMA a/k/a ANDREW
GRIFFITH,

    Defendant-Appellant.

_____

          Argued May 30, 2018 — Decided July 6, 2018

          Before Judges Fisher, Moynihan and Natali.

          On appeal from Superior Court of New Jersey,
          Law Division, Essex County, Indictment No. 84-
          05-1653 and 84-05-1654.

          James K. Smith, Jr., Assistant Deputy Public
          Defender, argued the cause for appellant
          (Joseph E. Krakora, Public Defender, attorney;
          James K. Smith, Jr., of counsel and on the
          brief).

          Frank J. Ducoat, Special Deputy Attorney
          General/Acting Assistant Prosecutor, argued
          the cause for respondent (Robert D. Laurino,
          Acting Essex County Prosecutor, attorney;
          Frank J. Ducoat, of counsel and on the brief).

PER CURIAM

Defendant Yero Takuma appeals from the denial of his motion to correct an illegal sentence, arguing:

POINT I

BECAUSE THE EIGHTH AMENDMENT AND OUR STATE CONSTITUTION GIVE JUVENILE OFFENDERS SENTENCED TO LENGTHY PRISON TERMS "SOME MEANINGFUL OPPORTUNITY TO OBTAIN RELEASE BASED ON DEMONSTRATED MATURITY AND REHABILITATION," DEFENDANT TAKUMA, WHO HAS ALREADY SERVED IN EXCESS OF 33 YEARS IN PRISON, MUST BE RESENTENCED.

A.   THE EIGHTH AMENDMENT AND JUVENILE OFFENDERS.

B.   THE RECOGNITION THAT JUVENILE OFFENDERS ARE SUSCEPTIBLE TO CHANGE.

C.   THE ZUBER[1] OPINION AND OUR STATE CONSTITUTION.

D.   UNDER THE ANALYSIS SET FORTH IN MILLER[2] AND ZUBER, JUVENILE OFFENDERS WHO HAVE SERVED MORE THAN 30 YEARS IN PRISON ARE ENTITLED TO A RESENTENCING.

We decline to extend defendant's interpretation of the precepts of Miller and Zuber to this case and affirm.

---

[1] State v. Zuber, 227 N.J. 422, cert. denied, ___ U.S. ___, 138 S. Ct. 152 (2017).

[2] Miller v. Alabama, 567 U.S. 460 (2012).

Defendant, having been charged under two indictments for crimes committed when he was sixteen years old,[3] pleaded guilty to all four counts of the first indictment: felony murder of Preston McGhee, N.J.S.A. 2C:11-3(a)(3) (count one); first-degree robbery of McGhee, N.J.S.A. 2C:15-1 (count two); third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); and to aggravated manslaughter as a lesser included offense of count one of the second indictment.[4] The State agreed to recommend: (1) a sentence of thirty years to life for felony murder under count one of the first indictment with a minimum parole ineligibility of thirty years; (2) a concurrent term for the sentence imposed for aggravated manslaughter under the second indictment; and (3) dismissal of the remaining counts of the second indictment. In accordance with the range set forth in the plea agreement,

---

[3] The crimes were committed on February 13, 1984. Defendant was born on May 15, 1967.

[4] The second indictment charged defendant with the purposeful or knowing murder of Edmond Leslie, N.J.S.A. 2C:11-3(a)(1), (2) (count one); felony murder of Leslie, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree robbery of Leslie, N.J.S.A. 2C:15-1 (count three); third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count four); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count five).

defendant was sentenced in January 1985 to life imprisonment with a thirty-year parole ineligibility period for felony murder, and to concurrent terms of twenty years for robbery, five years for unlawful possession of a handgun, and ten years for possession of a weapon for an unlawful purpose. On the second indictment, he was sentenced to a concurrent term of ten years for aggravated manslaughter.[5]

Before addressing defendant's arguments, we turn to the State's claims that this appeal is procedurally barred under Rule 3:22-5 and is moot.

The Rule 3:22-5 bar stems from defendant's January 2013 motion for reduction of sentence under Rule 3:21-10 based on the United States Supreme Court's holding in Miller. Because we affirmed the trial court's denial of that motion,[6] the State argues defendant is seeking "a second bite at the same apple," which should be precluded inasmuch as our decision was a "prior adjudication upon the merits of any ground for relief [which] is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior

---

[5] We affirmed defendant's sentence but merged the robbery conviction with his felony murder conviction and vacated the robbery sentence. State v. Griffith, No. A-2903-84 (App. Div. Nov. 19, 1985).

[6] State v. Takuma, No. A-4784-13 (App. Div. Feb. 10, 2015).

to the adoption thereof, or in any appeal taken from such proceedings," R. 3:22-5.

Notwithstanding that defendant's present claim directly references Miller, he avers in his reply brief that he "is not seeking to relitigate a Miller claim, he is seeking relief based on Zuber." Setting aside for a moment that Zuber was decided by the Supreme Court after the motion judge had already entered the order that is the basis for this appeal — and before this appeal was filed[7] — we will allow defendant's challenge to what he alleges is an illegal sentence. See Zuber, 227 N.J. at 437 (recognizing that Rule 3:21-10(b)(5) permits a defendant to "challenge an illegal sentence at any time").

We also determine the State's mootness argument — based on defendant's present parole-eligible status after having served thirty years — to be without sufficient merit to warrant discussion here. R. 2:11-3(e)(2). Defendant's parole status could be impacted if we were to order defendant to be resentenced, and a judge reduced the life term. See In re Registrant J.S., 444 N.J. Super. 303, 313 (App. Div. 2016) (acknowledging a case is moot "when the decision sought in a matter, when rendered, can have no

---

[7] The motion judge's order was entered November 17, 2016. Our Supreme Court decided Zuber on January 11, 2017. Defendant filed this appeal six days later.

practical effect on the existing controversy" (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 258 (App. Div. 2006))).

Despite appellate counsel's advancement of an argument unraised to the trial court, we will consider defendant's argument that he is entitled to resentencing under the Supreme Court's holding in Zuber, by extension of Miller.[8] See ACLU v. Cty. of Hudson, 352 N.J. Super. 44, 72 (App. Div. 2002) (recognizing that an argument not raised in the trial court may be considered on appeal where "an arguably superseding . . . decisional development occur[red] between the time a court rendered its decision and appellate consideration of the judgment or order" and "the focal issue [was] entirely a question of law"). "We consider legal and constitutional questions de novo." State v. Galicia, 210 N.J. 364, 381 (2012); see also State v. Hudson, 209 N.J. 513, 529 (2012) (noting that questions of law in sentencing are reviewed de novo.

We first conclude that the Eighth Amendment prohibition on "a sentencing scheme that mandates life in prison without

---

[8] The trial court did consider our now overturned decision in State v. Zuber, 442 N.J. Super. 611 (App. Div. 2015), concluding that defendant's thirty-year period of parole ineligibility "did not amount to a de facto life sentence as it afforded him the opportunity to have a meaningful and realistic opportunity for parole."

possibility of parole for juvenile offenders," as determined by the <u>Miller</u> court, 567 U.S. at 479, is not implicated here. In considering the reach of <u>Miller</u> and other related decisions, the <u>Zuber</u> Court considered the sentences of two offenders who were juveniles when they committed their crimes: Zuber, who was convicted of two rapes and sentenced to an aggregate of 110 years with fifty-five years of parole ineligibility — first eligible for parole at age seventy-two; and Comer, who was convicted of four armed robberies and sentenced to an aggregate of seventy-five years with just over sixty-eight years of parole ineligibility — first eligible at age eighty-five. <u>Zuber</u>, 227 N.J. at 428, 430, 433. Although the Court determined both sentences were "not officially 'life without parole,'" they nonetheless "trigger[ed] the protections of <u>Miller</u> under the Federal and State Constitutions." <u>Id.</u> at 448.

The important question considered by the <u>Zuber</u> Court — "Will a juvenile be imprisoned for life, or will he have a chance at release?" <u>Id.</u> at 446 — has already been answered in this case. Defendant — who is not yet forty years old — has already been considered for parole.[9] Unlike the defendants in <u>Zuber</u>, defendant

---

[9] The New Jersey Parole Board denied defendant's application in May 2015. <u>Takuma v. N.J. State Parole Bd.</u>, No. A-5672-14 (App. Div. May 2, 2017) (slip op. at 5). We reversed the Parole Board's

A-1928-16T1

did not face "potential release after five or six decades of incarceration, when they would be in their seventies and eighties." Id. at 448. Defendant has not — in violation of the Eighth Amendment — been "denied [by the State of] any chance to later [after sentencing] demonstrate that he is fit to rejoin society." Graham v. Florida, 560 U.S. 48, 79 (2009) (emphasis added).

Unlike the sentences imposed in Zuber, this was a bargained-for term, pursuant to which defendant enjoyed the benefit of sentences on all other counts that ran concurrent to the life term with a mandated thirty years of parole ineligibility. The sentence — which has already resulted in an opportunity to obtain release — hardly amounts to the constitutionally infirm life without effective chance of parole terms decried in Zuber. Further, the sentencing judge said he was burdened "because the court realizes the age of the [d]efendant when he perpetrated these crimes, and he is young today," and found "there's one mitigating factor, his age." The judge also noted that defendant did

> not have a lengthy record because he's a [juvenile] and as a [juvenile] he had one possession in 1983 of a dangerous weapon which was a gun. His background, he was attending

denial of defendant's parole application and remanded the matter for the Board to conduct a new parole hearing within forty-five days because it was unclear what standard the Board applied when it reviewed defendant's application. Id. at 8-9. The record does not contain the Parole Board's decision on remand.

> school but had to leave. He was always involved in fights, showing the nature of the person. He was involved in fights and as a matter of fact was expelled, I think from Barringer High School, because of many incidents of fighting in school, indicating violence within [defendant] that he expressed one night in killing two people.

The judge imposed sentence after weighing the circumstances of the crimes against defendant's age and background. We find no support for defendant's contention that the sentencing judge believed defendant "might be beyond rehabilitation."

Defendant did not raise to the trial court, likely because Zuber had not yet been decided, his present argument that juveniles who have served prison terms of thirty years or more should be considered for resentencing or parole. Our Supreme Court declined to address that issue in Zuber, and instead "encourage[d] the Legislature to examine this issue," observing "Graham left it to the States 'to explore the means and mechanisms' to give defendants 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" Zuber, 227 N.J. at 452 (quoting Graham, 560 U.S. at 75). We follow the Court's recommendation, noting the Legislature's introduction — and referral to the Law and Public Safety Committee — of S. 428 (2018). We also note defendant has had a "meaningful opportunity to obtain release."

9

We determine the balance of defendant's arguments to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Inasmuch as we determine defendant is not entitled to be resentenced under Zuber, we need not consider defendant's musings that our Supreme Court chose resentencing as the remedy because the Parole Board does not consider a juvenile's youth and attendant circumstances. The Supreme Court made no such pronouncement. Moreover, we will not consider an issue that implicates the interplay of judicial sentencing and executive parole raised for the first time in defendant's reply brief. See Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) (declining to consider an issue raised "for the first time in a reply brief"); see also State v. Smith, 55 N.J. 476, 488 (1970).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION