SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

## Troy Haviland v. Lourdes Medical Center of Burlington County, Inc.
### (A-70-20) (085419)

**Argued January 31, 2022 -- Decided April 12, 2022**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers whether a plaintiff must submit an affidavit of merit (AOM) in support of a vicarious liability claim against a licensed entity -- here, a health care facility -- based on the alleged negligent conduct of an employee who is not a "licensed person" under the AOM statute, N.J.S.A. 2A:53A-26 to -29.

In February 2018, following surgery on his left shoulder, plaintiff Troy Haviland presented to Lourdes Medical Center for a radiological examination. Plaintiff alleges that during the examination, an unidentified radiology technician asked plaintiff to "hold weights contrary to the [ordering physician's] instructions." While holding the weights, plaintiff sustained an injury to his newly repaired left shoulder, requiring a surgical procedure two months later.

Plaintiff brought a claim against defendant Lourdes Medical Center of Burlington County, Inc., alleging, as relevant here, that an unnamed radiology technician employed by defendant negligently performed his radiological imaging examination, causing serious injuries. Defendant's answer denied the allegations in plaintiff's complaint and further contended that, because defendant is "a healthcare facility as defined in [N.J.S.A. 26:2H-2]," plaintiff was required to produce an AOM. At a conference, plaintiff advised the court that he was proceeding against defendant solely on a theory of vicarious liability for the conduct of an unlicensed employee, and that an AOM was therefore unnecessary.

Defendant filed a motion to dismiss plaintiff's complaint for failure to serve an AOM, which was granted. The Appellate Division reversed, determining that an AOM is not required when a plaintiff's claim against a licensed person is limited solely to vicarious liability, based upon the alleged negligence of an employee who is not a licensed person under the AOM statute. 466 N.J. Super. 126, 135-36 (App. Div. 2021). The Court granted certification. 246 N.J. 425 (2021).

1

**HELD:** The AOM statute does not require submission of an AOM to support a vicarious liability claim against a licensed health care facility based only on the conduct of its non-licensed employee.

1. The AOM statute requires plaintiffs in professional negligence actions to provide an affidavit from an appropriate licensed professional attesting to the merit of the plaintiffs' claims. The statute explicitly limits the term "licensed person" to the individuals and entities listed in N.J.S.A. 2A:53A-26. Failure to submit the required affidavit "shall be deemed a failure to state a cause of action" and may result in dismissal of an otherwise meritorious claim. N.J.S.A. 2A:53A-29. Although defendant is a "licensed person" under the statute, plaintiff does not claim that defendant was professionally negligent, but rather claims only that defendant was vicariously liable for the negligent acts of its unlicensed employee. (pp. 9-12)

2. Under the doctrine of respondeat superior, an employer will be held vicariously liable for the negligence of an employee causing injuries to third parties if, at the time of the occurrence, the employee was acting within the scope of his or her employment. This case poses the question of whether an AOM is required to maintain a negligence claim premised solely on a theory of respondeat superior for the alleged conduct of a technician who is not a "licensed person" under the AOM statute. Although the Court has not previously addressed that precise legal question, the Appellate Division has found that vicarious liability claims are tethered to the AOM requirements as to the alleged employee, not the employer. See Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 593 (App. Div. 2001); Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 416 N.J. Super. 1 (App. Div. 2010). In McCormick v. State, the Appellate Division recognized that an AOM is required only "when the plaintiff's claim of vicarious liability hinges upon allegations of deviation from professional standards of care by licensed individuals who worked for the named defendant." 446 N.J. Super. 603, 615 (App. Div. 2016) (emphasis added). Thus, even though the State is not a "licensed person" under the AOM statute, an AOM was required to assert against the State a claim for vicarious liability hinging upon the alleged deviation from professional standards of care by prison medical staff because those employees were "licensed persons" under the statute. Id. at 609-13. (pp. 12-17)

3. Under the plain language of N.J.S.A. 2A:53A-27, the AOM requirement applies only where (1) a plaintiff's claim is for personal injuries, wrongful death, or property damages, (2) the personal injuries, wrongful death, or property damages result from an alleged act of malpractice or negligence, and (3) the alleged act of malpractice or negligence is carried out by a licensed person in the course of practicing the person's profession. In this case, both the first and second requirements of the statute apply to plaintiff's claim: he alleges that defendant's employee caused him serious personal injuries by "deviat[ing] from accepted

2

standards of medical care." However, plaintiff's vicarious liability claim against defendant does not satisfy the AOM statute's third element because the alleged act of "malpractice or negligence" was not committed by a "licensed person." This reading accords with the Appellate Division cases that focused "on the nature of the underlying conduct responsible for the plaintiffs' injuries." See McCormick, 446 N.J. Super. at 615. It is also consistent with the AOM statute's legislative history, namely its initial limitation to nine individual professions and later expansions to include other professions, but not that of "radiology technician." (pp. 17-19)

4. The Court stresses that, if plaintiff had raised any direct claims against the hospital for negligent hiring, training, or supervision of the non-licensed employee, those claims would have been properly dismissed for failure to provide a timely AOM. But plaintiff's purely vicarious claim may go forward. The Court further notes that, although plaintiff may pursue his claim without submission of an AOM from a licensed expert, the holding in this case in no way relieves him of the burden of demonstrating the technician's professional negligence at trial. Plaintiff must present expert testimony to aid the jury in understanding both how the technician's actions deviated from accepted standards of medical care for a radiology technician and how that deviation proximately caused plaintiff's alleged injury. (pp. 20-21)

**AFFIRMED and REMANDED to the trial court.**

**CHIEF JUSTICE RABNER and JUSTICES ALBIN, PATTERSON, and PIERRE-LOUIS join in JUSTICE SOLOMON's opinion. JUDGE FUENTES (temporarily assigned) did not participate.**

3

SUPREME COURT OF NEW JERSEY

A-70 September Term 2020

085419

Troy Haviland,

Plaintiff-Respondent,

v.

Lourdes Medical Center of
Burlington County, Inc.,[1]

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
466 N.J. Super. 126 (App. Div. 2021).

| Argued | Decided |
|---|---|
| January 31, 2022 | April 12, 2022 |

Jennifer B. Barr argued the cause for appellant (Cooper
Levenson, attorneys; Sharon K. Galpern (Stahl &
DeLaurentis), on the brief).

Michael J. Weiss argued the cause for respondent (Law
Offices of Michael J. Weiss, attorneys; Michael J. Weiss,
on the brief).

Kayla Elizabeth Rowe argued the cause for amicus curiae
New Jersey Civil Justice Institute (Rowe Law, attorneys;
Kayla Elizabeth Rowe, of counsel and on the brief).

---

[1] Improperly pled as Lourdes Medical Center at Burlington, Department of
Radiology and Imaging and/or Lourdes Health System, j/s/a.

1

Anthony Argiropoulos argued the cause for amicus curiae New Jersey Doctor-Patient Alliance (Epstein Becker & Green, attorneys; Anthony Argiropoulos and William Gibson, of counsel and on the brief).

Christina Vassiliou Harvey argued the cause for amicus curiae New Jersey Association for Justice (Lomurro, Munson, Comer, Brown & Schottland, attorneys; Abbott S. Brown and Jonathan H. Lomurro, of counsel, and Christina Vassiliou Harvey, of counsel and on the brief).

Philip S. Goldberg submitted a brief on behalf of amici curiae American Medical Association and Medical Society of New Jersey (Shook, Hardy & Bacon, attorneys; Philip S. Goldberg, on the brief).

JUSTICE SOLOMON delivered the opinion of the Court.

The Affidavit of Merit (AOM) statute, N.J.S.A. 2A:53A-26 to -29, requires a plaintiff bringing a malpractice or a negligence claim against a "licensed person" to submit an AOM by an appropriately licensed person stating that there is a reasonable probability that the claim is meritorious. In this appeal, we consider whether a plaintiff must submit an AOM in support of a vicarious liability claim against a licensed entity, based on the alleged negligent conduct of an employee who is not a "licensed person" under the AOM statute. We conclude that, under the facts of this case, a plaintiff has no such obligation.

Plaintiff Troy Haviland brought a claim against defendant Lourdes Medical Center of Burlington County, Inc., alleging that an unnamed radiology technician employed by defendant negligently performed his radiological imaging examination,[2] causing serious injuries. As a health care facility, defendant qualifies as a "licensed person" under the AOM statute, N.J.S.A. 2A:53A-26(j), and therefore asserted that plaintiff was required to serve an AOM in support of his claim against defendant.

The trial court granted defendant's motion to dismiss plaintiff's complaint for failure to submit an AOM. In a published decision, the Appellate Division reversed, concluding that an AOM is not required when a plaintiff's claim against a "licensed person" is limited to vicarious liability for the alleged negligence of an employee who is not a "licensed person" under the AOM statute. Haviland v. Lourdes Med. Ctr. of Burlington Cty., Inc., 466 N.J. Super. 126, 135-36 (App. Div. 2021).

We now affirm the thoughtful and well-reasoned opinion of the Appellate Division. Specifically, we hold that the AOM statute does not

---

[2] The limited record on appeal does not indicate what type of radiological examination was performed on plaintiff. In general, diagnostic radiology exams use imaging technology to depict internal bodily structures and allow health care providers to diagnose and treat disease and injury. Nat'l Libr. of Med., Imaging and Radiology, Medline Plus, https://medlineplus.gov/ency/article/007451.htm (last updated Feb. 18, 2022).

require submission of an AOM to support a vicarious liability claim against a licensed health care facility based only on the conduct of its non-licensed employee. Plaintiff's vicarious liability claim does not implicate Lourdes Medical Center's standard of care and therefore falls outside the intended scope of the AOM statute. Accordingly, we remand to the trial court for further proceedings.

## I.

We derive the following facts from the limited record before the motion judge. In February 2018, following surgery on his left shoulder, plaintiff presented to Lourdes Medical Center for a radiological examination. Plaintiff alleges that during the examination, an unidentified radiology technician (technician or "John Doe") asked plaintiff to "hold weights contrary to the [ordering physician's] instructions." While holding the weights, plaintiff sustained an injury to his newly repaired left shoulder, requiring a surgical procedure two months later.

A year later, plaintiff filed a one-count complaint alleging that John Doe and defendant were careless, negligent, and/or reckless in performing plaintiff's radiological imaging and had "deviated from accepted standards of medical care"; plaintiff also asserted that defendant was vicariously liable for the negligent acts of its "agent, servant and/or employee," John Doe.

4

Defendant's answer denied the allegations in plaintiff's complaint and further contended that, because defendant is "a healthcare facility as defined in [N.J.S.A. 26:2H-2]," plaintiff was required to "produce an [AOM] pursuant to N.J.S.A. 2A:53A-26, et seq., within sixty days." The trial court twice notified plaintiff of the need to serve an AOM on defendant, but plaintiff neither filed an AOM nor appeared at the first court-ordered case management conference, as required by Ferreira v. Rancocas Orthopedic Associates, 178 N.J. 144, 154-55 (2003).[3] Defendant consented to a sixty-day extension of time within which to serve the AOM, pursuant to N.J.S.A. 2A:53A-27, but during the second Ferreira conference, plaintiff advised the court that he was proceeding against defendant solely on a theory of vicarious liability for the conduct of an unlicensed employee, and that an AOM was therefore unnecessary.[4]

Defendant subsequently filed a motion to dismiss plaintiff's complaint for failure to serve an AOM. At oral argument, plaintiff once again asserted that "[t]he requirement of an [AOM] from a like-licensed professional will not

---

[3] In Ferreira, this Court mandated that a "case management conference be held within ninety days of the service of an answer in all malpractice actions," at which "the court will address all discovery issues, including whether an affidavit of merit has been served on defendant" and "whether [defendant] has any objections to the adequacy of the affidavit." 178 N.J. at 154-55.

[4] As noted by the Appellate Division, it is unclear from the record whether the Ferreira conference was conducted on the record as the parties have not provided a transcript.

5

apply if the plaintiff's claims are strictly confined to theories of vicarious liability or agency that do not implicate the standards of care of the defendant's profession." Although the motion judge remarked that plaintiff's argument made "logical sense," she determined that an AOM from "another radiologist"[5] was required to comply with the statute as interpreted in Borough of Berlin v. Remington & Vernick Engineers, 337 N.J. Super. 590, 593 (App. Div. 2001). Accordingly, the judge entered an order granting defendant's motion and dismissing plaintiff's complaint with prejudice for failure to serve an AOM.

Plaintiff appealed. The Appellate Division reversed in a published decision, holding that "an AOM was not required under the circumstances presented." Haviland, 466 N.J. Super. at 131. Noting that the term "licensed person" as defined in the AOM statute "is expressly limited to sixteen individual professionals, and 'a health care facility,'" the court highlighted the undisputed fact that John Doe, a radiology technician, is not a licensed person

---

[5] A radiologist is a physician for whom an AOM is required under the statute. See N.J.S.A. 2A:53A-26(f). However, it is undisputed that plaintiff's radiological examination was performed by a radiology technician, who is not a "licensed person" under the AOM statute.

under the statute.[6] Ibid. (quoting N.J.S.A. 2A:53A-26(j)). Although an AOM would be required to maintain direct claims of medical negligence against Lourdes Medical Center as a licensed health care facility, the court found that under the doctrine of respondeat superior, "the employer's standard of care is not directly implicated, but is imputed from that of its employee." Id. at 132. The Appellate Division thus held that an AOM is not required when a plaintiff's claim against a licensed person is limited solely to vicarious liability, based upon the alleged negligence of an employee who is not a licensed person under the AOM statute. Id. at 135-36.

We granted certification as to whether an AOM is required under the facts of this case. 246 N.J. 425 (2021). We then granted leave to appear as amici curiae to the American Medical Association (AMA) and Medical Society of New Jersey (MSNJ), filing jointly, as well as the New Jersey Civil Justice Institute (NJCJI), the New Jersey Doctor-Patient Alliance (NJDPA), and the New Jersey Association for Justice (NJAJ).

II.

Defendant contends that the Appellate Division's decision is contrary to the plain language and legislative intent of the AOM statute. Defendant

---

[6] During oral argument, plaintiff's counsel informed the motion judge that he had identified Doe but did not yet intend to amend his complaint to name the technician. Haviland, 466 N.J. Super. at 132 n.5.

7

submits that because a health care facility can render medical care only through its individual employees, the Legislature could not have intended that those employees must also be "licensed persons" for the AOM statute to apply. Otherwise, defendant asserts, there would have been no need for the Legislature to include a health care facility within the definition of a "licensed person" under the AOM statute. Defendant also argues that the Appellate Division's decision is at odds with the precedent set forth in Berlin, 337 N.J. Super. 590, on which the trial judge relied in dismissing plaintiff's complaint.

Amicus curiae the NJCJI echoes and supports defendant's argument that the AOM requirement "applies to any medical negligence case where a health care facility is named as a defendant." The AMA and MSNJ, filing jointly, contend that the Appellate Division's decision erroneously allows plaintiffs to circumvent the AOM statute through indirect claims, and that this loophole will discourage collaboration between physicians, technicians, and other professional support staff. Amicus the NJDPA agrees with the AMA and MSNJ's position.

Plaintiff and amicus curiae NJAJ argue that the Appellate Division's decision is consistent with both the statutory language of the AOM statute and existing case law. Plaintiff contends that defendant's "strained reading" of the statute would require an AOM in every case where a plaintiff seeks to hold a

8

health care facility vicariously liable, even where the alleged negligent conduct does not implicate any standard of medical care, such as when a hospital cafeteria employee negligently spills hot water on another person. Rather, plaintiff asserts, the AOM requirement is triggered by "a licensed person's act within the licensed person's profession or occupation and not the imposition of vicarious liability, a legal construct."

## III.

The question before us is whether the AOM statute applies where a plaintiff asserts only that a licensed healthcare facility was vicariously liable for the negligent acts of its unlicensed employee. We begin by reviewing the AOM statute and then turn to the principles of vicarious liability.

## A.

"[E]nacted as part of a tort reform package designed to 'strike[] a fair balance between preserving a person's right to sue and controlling nuisance suits,'" the AOM statute requires plaintiffs in professional negligence actions "to provide an affidavit from an appropriate licensed professional attesting to the merit of plaintiffs' claims." Palanque v. Lambert-Woolley, 168 N.J. 398, 404 (2001) (alteration in original) (quoting Office of the Governor, News Release 1 (June 29, 1995)). Specifically, the AOM Statute provides that

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an

9

alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

[N.J.S.A. 2A:53A-27.]

The statute explicitly limits the term "licensed person" to an accountant; an architect; an attorney admitted to practice law in New Jersey; a dentist; an engineer; a physician in the practice of medicine or surgery; a podiatrist; a chiropractor; a registered professional nurse; a physical therapist; a land surveyor; a registered pharmacist; a veterinarian; an insurance producer; a certified midwife, certified professional midwife, or certified nurse midwife; a licensed site remediation professional; and "a health care facility as defined in [N.J.S.A. 26:2H-2]." N.J.S.A. 2A:53A-26. N.J.S.A. 26:2H-2(a), in turn, defines "health care facility" as a "facility or institution, whether public or private, that is engaged principally in providing services for health maintenance organizations, diagnosis, or treatment of human disease, pain, injury, deformity, or physical condition, including, but not limited to, a general hospital." The parties agree that defendant is a licensed "health care facility" under the AOM statute.

10

In an action alleging medical malpractice, the affiant providing an AOM must satisfy the requirements of Section 41 of the Patients First Act of 2004, N.J.S.A. 2A:53A-27, which "provides that an expert must have the same type of practice and possess the same credentials, as applicable, as the defendant health care provider, unless waived by the court." Meehan v. Antonellis, 226 N.J. 216, 231 (2016) (quoting A. Appropriations Comm. Statement to A. 50 2 (2004)). In all other cases, the affiant "must have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years." Id. at 230 (quoting N.J.S.A. 2A:53A-27). Failure to submit the required affidavit "shall be deemed a failure to state a cause of action" and may result in dismissal of an otherwise meritorious claim. N.J.S.A. 2A:53A-29; see Ferreira, 178 N.J. at 154.

This Court has recognized that, by enacting the AOM statute, the Legislature did not intend to "create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims." Ferreira, 178 N.J. at 151 (quoting Mayfield v. Cmty. Med. Assocs., P.A., 335 N.J. Super. 198, 209 (App. Div. 2000)). We therefore fashioned two equitable remedies to "temper the draconian results of an inflexible application of the statute." Ibid.

First, "a complaint will not be dismissed if the plaintiff can show that he has substantially complied with the [AOM] statute." Ibid. Second, "a complaint will be dismissed without prejudice if there are extraordinary circumstances to explain noncompliance." Ibid. However, plaintiff does not invoke those equitable remedies, and neither is applicable to the present matter. Instead, plaintiff claims the AOM statute does not apply here because he asserts only that a licensed healthcare facility was vicariously liable for the negligent acts of its unlicensed employee. We must therefore examine the AOM statute in the context of plaintiff's vicarious liability claim against defendant.

B.

"Although as a general rule of tort law, liability must be based on personal fault," under the doctrine of respondeat superior an employer will be held vicariously liable "for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment." Carter v. Reynolds, 175 N.J. 402, 408-09 (2003). To establish vicarious liability, a plaintiff must demonstrate "(1) that a master-servant relationship existed and (2) that the tortious act of the servant occurred within the scope of that employment." Id. at 409. We assume for purposes of resolving the issue raised in this appeal that plaintiff establishes both.

12

This case poses the question of whether an AOM is required to maintain a negligence claim premised solely on a theory of respondeat superior for the alleged conduct of a technician who is not a "licensed person" under the AOM statute. Although this Court has not previously addressed that precise legal question, our courts have grappled with applying the AOM statute to vicarious liability claims in other situations that we find instructive.

In Berlin, a municipality sued an engineering firm for the negligence of its employee-hydrogeologist in the siting of a water well. 337 N.J. Super. at 592, 597. Proceeding solely under a theory of vicarious liability, the municipality proffered an affidavit from an expert hydrogeologist, who is not a licensed person under the AOM statute. Id. at 597. However, the engineering firm argued that an affidavit from a licensed engineer was required to satisfy the statute. Id. at 592. Applying the doctrine of substantial compliance, the Appellate Division held that the plaintiff's expert hydrogeologist was "the 'appropriate licensed person,' despite the fact that only the engineering firm was sued," because "[t]he liability pressed against the engineering firm [was] solely vicarious." Id. at 598. In other words, the court found that vicarious liability claims are tethered to the AOM requirements as to the alleged employee, not the employer.

The Appellate Division later characterized claims premised solely on "theories of vicarious liability or agency that do not implicate the standards of care of the defendant's profession" as an exception to the statutory AOM requirement. Hill Int'l Inc. v. Atl. City Bd. of Educ., 438 N.J. Super. 562, 591 (App. Div. 2014). Citing its prior decision in Berlin, the court suggested that an AOM would be required only where the vicarious liability claim asserted against a professional entity was premised on the allegedly negligent conduct of an employee who qualified as a "licensed person" under the AOM statute. Id. at 592-93. The court reasoned that, under those circumstances, "the plaintiff would need to obtain an AOM from an expert with the same kind of professional license as the negligent employee or agent." Ibid.

Indeed, Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, 416 N.J. Super. 1 (App. Div. 2010), presented the Appellate Division with that exact scenario. An athletic equipment company sued two law firms alleging "negligent omissions by a [deceased] patent attorney who had worked, in succession," at both firms. Id. at 4. The plaintiff contended it was not required to provide an AOM because only individual attorneys, not law firms, are considered "licensed persons" under N.J.S.A. 2A:53A-26(c). Id. at 16. The court rejected that argument, finding that if the "plaintiff's reading of the statute were accepted, that individualized protection would provide no

14

solace to a law firm that could have vicarious liability for the actions or inactions of the licensed attorneys employed by, or affiliated with, that firm." Id. at 22.

The court reasoned that the AOM statute specifically "contemplates such potential vicarious liability" by "mak[ing] the affidavit requirement applicable to 'any action for damages . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation.'" Id. at 23 (quoting N.J.S.A. 2A:53A-27). Because the allegedly negligent employee was a duly licensed patent attorney authorized to practice in New Jersey, the court held that the AOM requirement applied to the plaintiff's lawsuit against the defendant law firms. Id. at 26-27.

Finally, in McCormick v. State, the Appellate Division concluded that an AOM is "required when the plaintiff's claim of vicarious liability hinges upon allegations of deviation from professional standards of care." 446 N.J. Super. 603, 615 (App. Div. 2016). In McCormick, a prisoner sued the State alleging negligent treatment by prison medical staff. Id. at 609. Although the plaintiff argued he was not required to serve an AOM on the State because it was "literally not a 'licensed person'" under the statute, the court rejected that "hyper-literal reading." Id. at 610-12.

15

Instead, the court "focus[ed] on the nature of the underlying conduct of the medical personnel" who treated the plaintiff, noting that "[t]he State employs or utilizes through contracts a host of licensed professionals," including "doctors, nurses, therapists, counselors, engineers, and . . . other licensees encompassed within the broad sweep of the AOM statute." Id. at 613. If those professionals "engage in harmful conduct that deviates from the standards of care of their respective fields of licensure, and a plaintiff claims that the defendant public entity is liable for that harm under agency principles, then an AOM from an appropriate qualified person is necessary to support the lawsuit." Ibid. Conversely, if such a licensed professional "engages in some other form of negligent conduct that does not implicate professional standards of care, then no AOM is required." Id. at 614.

McCormick recognized that an AOM is required only "when the plaintiff's claim of vicarious liability hinges upon allegations of deviation from professional standards of care by licensed individuals who worked for the named defendant." 446 N.J. Super. at 615 (emphasis added). Both McCormick and Shamrock Lacrosse suggest that an AOM is needed to maintain claims of vicarious liability against unlicensed entities premised on the alleged professional negligence of their licensed employees. In both instances, the court concluded that the claims fell within the purview of the

16

AOM statute by focusing "on the nature of the underlying conduct" responsible for the plaintiffs' injuries. See id. at 613. Because the allegedly negligent employees were "licensed persons" under the statute, an AOM was required, regardless of the unlicensed status of their employers.

IV.

Informed by those principles, we turn to the question presented by this appeal: whether an AOM must be served on an employer who is a "licensed person" within the meaning of the AOM statute to support a vicarious liability claim predicated on alleged negligence by an employee who is not a licensed person. The question requires us to interpret the precise terms of the AOM statute by looking to the familiar principles of statutory interpretation. "The objective of that task 'is to discern and effectuate the intent of the Legislature.'" Shelton v. Restaurant.com, Inc., 214 N.J. 419, 428-29 (2013) (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)). Because "the best indicator of that intent is the statutory language," we begin our inquiry with the text of the AOM statute. DiProspero v. Penn, 183 N.J. 477, 492 (2005).

Under the plain language of N.J.S.A. 2A:53A-27, the AOM requirement applies only where (1) a plaintiff's claim is for personal injuries, wrongful death, or property damages, (2) the personal injuries, wrongful death, or

17

property damages result from an alleged act of malpractice or negligence, and (3) the alleged act of malpractice or negligence is carried out by a licensed person in the course of practicing the person's profession. In this case, both the first and second requirements of the statute apply to plaintiff's claim: he alleges that defendant's employee caused him serious personal injuries by "deviat[ing] from accepted standards of medical care." However, plaintiff's vicarious liability claim against defendant does not satisfy the AOM statute's third element because the alleged act of "malpractice or negligence" was not committed by a "licensed person."

The wording of the AOM statute anticipated vicarious liability claims such as plaintiff's by "mak[ing] the affidavit requirement applicable to 'any action for damages . . . <u>resulting from</u> an alleged act of malpractice or negligence by a licensed person in his profession or occupation.'" <u>Shamrock Lacrosse</u>, 416 N.J. Super. at 23 (quoting N.J.S.A. 2A:53A-27). Plaintiff does not allege that his injuries resulted from the "malpractice or negligence" of defendant, which he concedes is a "licensed person" under N.J.S.A. 2A:53A-26. Rather, plaintiff contends that the radiology technician's alleged negligence is properly attributed to defendant under the doctrine of respondent superior, because of the established employer-employee relationship. Because the alleged injury does not "result from" an act committed "by a licensed

18

person in his profession or occupation," an AOM is not required to maintain plaintiff's claim.  See N.J.S.A. 2A:53A-27.  This reading accords with the Appellate Division cases discussed above, which focused "on the nature of the underlying conduct responsible for the plaintiffs' injuries."  See McCormick, 446 N.J. Super. at 615.

Our interpretation, moreover, is consistent with the statute's legislative history.  During the initial drafting process, committee amendments were made to "limit the professions to which the bill applies from all professions licensed under Title 45 of the Revised Statutes," to nine individual professions and a "health care facility."[7]  A. Ins. Comm. Statement to S. 1493 1-2 (June 1, 1995). The Legislature has since amended the AOM statute three times to expand the definition of "licensed person," most recently in 2019,[8] but has declined to include a "radiology technician" in any of those amendments.  It is not for us to expand the carefully circumscribed list of professions to which the Legislature has elected to apply the AOM requirement.

---

[7]  The 1995 Act defined "licensed persons" as an accountant, an architect, an attorney admitted to practice law in New Jersey, a dentist, an engineer, a physician in the practice of medicine or surgery, a podiatrist, a chiropractor, a registered professional nurse, and a health care facility.  See S. 1493 (1995).

[8]  See L. 2001, c. 372, § 1 (adding a physical therapist, land surveyor, veterinarian, pharmacist, and insurance producer); L. 2010, c. 88, § 1 (adding a certified midwife, certified professional midwife, or certified nurse midwife); L. 2019, c. 263, § 2 (adding a licensed site remediation professional).

V.

In conclusion, we hold that the AOM statute does not require submission of an AOM to maintain a vicarious liability claim against a licensed health care facility based on the conduct of its non-licensed agents or employees. We repeat that plaintiff does not raise any direct claims against the hospital for negligent hiring, training, or supervision of the non-licensed employee. Plaintiff does not dispute that, had he pursued such a direct claim, it would have been properly dismissed for failure to provide a timely AOM. But plaintiff's purely vicarious claim may go forward.

We further note that, although plaintiff may pursue his claim without submission of an AOM from a licensed expert, our holding in no way relieves him of the burden of demonstrating John Doe's professional negligence at trial. "To prove medical malpractice . . . 'a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury.'" Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (quoting Gardner v. Pawliw, 150 N.J. 359, 375 (1997)); see N.J.R.E. 702 (providing that expert testimony is permitted to "assist the trier of fact to understand the evidence or to determine a fact in issue"). Plaintiff must therefore present expert testimony to aid the jury in understanding both how John Doe's actions

20

deviated from accepted standards of medical care for a radiology technician and how that deviation proximately caused plaintiff's alleged injury.

## VI.

Accordingly, we affirm the judgment of the Appellate Division and remand the matter to the trial court for further proceedings consistent with this opinion.


CHIEF JUSTICE RABNER and JUSTICES ALBIN, PATTERSON, and PIERRE-LOUIS join in JUSTICE SOLOMON's opinion. JUDGE FUENTES (temporarily assigned) did not participate.