767 A.2d 1030 (2001)
BOROUGH OF BERLIN, A Municipal Corporation of the State of New Jersey, Plaintiff-Appellant/Cross-Respondent,
v.
REMINGTON & VERNICK ENGINEERS, Defendant-Respondent/Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued February 15, 2001.
Decided March 12, 2001.
*1031 Christopher Norman, Tampa, argued the cause for appellant-cross-respondent (Norman & Kingsbury, attorneys; Mr. Norman, on the brief).
Ellis I. Medoway, Haddonfield, and Arthur H. Jones, Jr., Glendale, argued the cause for respondent-cross-appellant (Archer & Greiner, attorneys; Mr. Medoway and Mr. Jones, on the brief).
Before Judges KING, LEFELT and AXELRAD.
The opinion of the court was delivered by LEFELT, J.A.D.
Plaintiff Borough of Berlin sued defendant Remington & Vernick Engineers ("R & V") for negligence in planning, designing and implementing a municipal water well. R & V moved for summary judgment based on Berlin's failure to comply with N.J.S.A. 2A:53A-27, the Affidavit of Merit Statute (the "Act"). R & V contended that the affidavit of Frank Getchell, a professional hydrogeologist, did not satisfy the statutory definition of "appropriate licensed person." R & V claimed that because Berlin sued only the corporate engineering firm, an affidavit from a licensed engineer was required to satisfy the statute. The motion judge agreed and granted R & V's motion, denied Berlin's reconsideration motion, and dismissed plaintiff's complaint. Berlin appeals from the dismissal of its complaint and R & V cross-appeals claiming Berlin's litigation was frivolous and it is entitled to attorney's fees and costs under R. 1:4-8. We conclude that Berlin substantially complied with the Act; and we reverse the dismissal of Berlin's complaint and remand for further proceedings, rendering the cross-appeal moot.
Under N.J.S.A. 45:8-56, the Division of Consumer Affairs authorized R & V to offer engineering and land surveying services to the public. In January 1994, Berlin retained R & V to plan and construct two wells and to obtain from New Jersey's *1032 Department of Environmental Protection ("DEP") a water allocation permit for the wells. After the wells had been constructed, in April 1997, Berlin began receiving complaints from residents concerning unpleasant odors in the water supply from one of the wells. Berlin investigated the complaints, and well tests indicated that the problem's source was significant concentrations of isopropylmethoxypyrazine (IPMP) in the surface water and adjoining wetlands area located approximately seven-hundred feet north of the well. As a result, the well had to be closed in May 1997 because the odors exceeded DEP's safe drinking water standards.
On April 27, 1999, Berlin filed its complaint against R & V, alleging negligence in planning, designing and implementing the municipal well. On July 21, 1999, R & V advised Berlin under R. 1:4-8 that, in order to proceed, Berlin must comply with the Act.
On September 2, 1999, Berlin submitted a certification from Frank Getchell, a professional geologist meeting DEP's requirements for a ground-water professional, i.e., a hydrogeologist. (Hydrogeology is the science of "groundwater flow and use." Bahrle v. Exxon Corp., 279 N.J.Super. 5, 32, 652 A.2d 178 (App.Div.1995), aff'd, 145 N.J. 144, 678 A.2d 225 (1996)). Getchell certified that "there exists a reasonable probability that Defendant did not exercise the care, skill and knowledge required of a New Jersey qualified ground-water professional with respect to the planning and design of [the well]." Eight days later, R & V moved for summary judgment, claiming Berlin failed to comply with the Act because Getchell was not an "appropriate licensed person."
On October 11, 1999, Berlin opposed R & V's motion by submitting three affidavits. In the first, Berlin corrected the form of Getchell's initial submission by re-submitting Getchell's conclusions in affidavit form. Attached to Getchell's affidavit was Getchell's resume disclosing that he was a "Licensed Geologist" in North Carolina and Pennsylvania. In addition, Getchell submitted a second affidavit attesting that he was a hydrogeologist employed since 1988 by a firm "specializing in ground-water geology and environmental science and engineering." Getchell in the second affidavit also specifically detailed that defendant was negligent "in preparing and submitting hydrogeological data and documentation to [DEP] ... by failing to properly follow hydrogeological requirements set forth in [DEP] regulations, including the monitoring of surface water bodies for quantitative and qualitative impacts... [and] by failing to properly follow the requirements" of a geological survey and guidelines for water allocation permit applications.
Berlin also submitted a third affidavit from Christopher Noll, a licensed professional engineer. Noll, in his affidavit, did not attest to the lawsuit's merits, but rather that Getchell was "more than qualified to testify as an expert in this case and to submit an affidavit that ... Berlin's lawsuit has merit." On October 21, 1999, despite receiving Berlin's opposition, R & V moved under the frivolous litigation rule, R. 1:4-8, for attorney's fees and costs.
The motion judge found that "if the law suit had been brought against the ... hydrogeologist, it's probably correct that the [affidavit] that you have supplied would have been adequate.... But, here you have brought it against a ... professional engineering firm." Therefore, the motion judge granted summary judgment and dismissed the complaint.
Berlin moved for reconsideration and submitted four additional affidavits from professional engineers. All stated that they had been asked to supply an affidavit of merit in support of plaintiff's complaint. However, after their review of the situation, they each decided that they could not sign an affidavit because the issue in the case involved the site location of the well and that such task required the "specialized skills of a professional hydrogeologist." *1033 Thus, according to the four licensed professional engineers, Getchell was the proper professional to submit an affidavit of merit in this case. The motion judge denied reconsideration because, in his opinion, the additional affidavits did not cure the statutory deficiency. The motion judge also denied R & V's motion for attorney's fees and costs because "this case was not decided on the merits." Consequently, Berlin appealed from the dismissal of its complaint and R & V cross-appealed from denial of its motion for counsel fees and costs.
N.J.S.A. 2A:53A-27 is entitled "Affidavit required in certain actions against licensed persons," and states in pertinent part:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.... The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but the prohibition shall not exclude the person from being an expert witness in the case.
[N.J.S.A. 2A-53A-27, L. 1995, c. 139, § 2.]
The Act's legislative purpose seeks to eliminate "meritless claims early in the litigation." Hubbard v. Reed, 331 N.J.Super. 283, 292, 751 A.2d 1055 (App.Div.), certif. granted, 165 N.J. 527, 760 A.2d 781 (2000). Under the Act, licensed persons are those being sued for malpractice or negligence. The "appropriate licensed person" executes the affidavit of merit. Therefore, when suing a licensed person for negligence in his or her profession, an appropriate licensed person must submit an affidavit attesting to the suit's merit.
While the Act defines "licensed person," it does not define "appropriate licensed person." The Act includes as licensed persons engineers as well as accountants, architects, attorneys, dentists, physicians, podiatrists, chiropractors, professional nurses, and a "health care facility." N.J.S.A. 2A:53A-26.
The Act provides, however, that for an engineer to be a "licensed person," engineers must be licensed "pursuant to P.L. 1938, c. 342 (C.45:8-27 et seq.)." Engineering corporations may not be licensed, N.J.S.A. 45:8-27, but R & V has received a certificate of authorization pursuant to N.J.S.A. 45:8-56. See Martin v. Perinni Corp., 37 F.Supp.2d 362, 366 (D.N.J.1999), where Judge Brotman found that a similar scheme qualifies an architectural firm as a "licensed person" under the Act.
We recognize that unlike the architectural statutes that Judge Brotman considered, an engineering firm is statutorily precluded from being licensed. N.J.S.A. 45:8-27. However, Berlin contended for the first time in its reply brief that the Act was inapplicable because R & V was not a "licensed person." Raising an issue for the first time in a reply brief is improper. State v. Smith, 55 N.J. 476, 488, 262 A.2d 868, cert. denied, 400 U.S. 949, 91 S.Ct. 232, 27 L.Ed.2d 256 (1970). Because the issue has not been considered by the motion judge nor properly addressed by the parties in this appeal, we decline to decide the case on this basis and take no position on the issue's merits. *1034 Scott v. Salerno, 297 N.J.Super. 437, 446-47, 688 A.2d 614 (App.Div.), certif. denied, 149 N.J. 409, 694 A.2d 194 (1997).
The Act requires the "appropriate licensed person," executing the affidavit to be "licensed in this or any other state," and to "have particular expertise in the general area or specialty involved in the action." The person's expertise must be "evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action." Moreover, the appropriate person must possess "at least five years" of such experience. Finally, this person can have "no financial interest in the outcome of the case."
The motion judge dismissed Berlin's complaint because he concluded that Berlin sued an engineering firm and therefore only an engineer could be the appropriate licensed person to execute an affidavit of merit under the Act. Berlin argues, however, that "the issues in this case are hydrogeologic issues and not engineering issues." There is much support in the record for Berlin's position.
Berlin's complaint stated "[d]efendant failed to exercise the due care and skill required of a qualified hydrogeologist licensed to practice in the State of New Jersey." The complaint alleges throughout that R & V's negligence was based upon its failure to adhere to hydrogeologic guidelines in applying for a water allocation permit. Berlin complained that "[the DEP] guidelines which must be followed for approval of a Water Allocation Permit are set forth in the technical report entitled TM89-3 and GSR 29" and "[d]efendant failed to adhere to approved TM89-3 or GSR-29 standards." The New Jersey Geological Survey Report GSR-29 specifically states that the "GUIDELINES [ARE] FOR PREPARING HYDROGEOLOGIC REPORTS FOR WATER ALLOCATION PERMIT APPLICATIONS." While a professional engineer is required by DEP regulations to sign and seal the application to construct the municipal well, N.J.A.C. 7:10-11.5(c), DEP regulations do not require a professional engineer to sign an application for a water allocation permit to determine the site location of a municipal well. N.J.A.C. 7:19-2.2(k)(2).
In addition, R & V's negligent conduct is claimed to arise from the hydrogeologic studies and testing conducted by its hydrogeologist employee, who was not a professional engineer. Finally, as noted above, Berlin submitted four affidavits from New Jersey licensed professional engineers, each attesting that he could not sign an affidavit of merit, not because the case lacked merit, but because the issues involved the site location of a municipal well, which required the specialized skills of a professional hydrogeologist.
Berlin sued only R & V and claimed that R & V was responsible, under respondeat superior, for its hydrogeologist's negligent siting of the well. Berlin is correct in that regard. The firm would be responsible for any negligent acts of its employee hydrogeologist. Dunn v. Praiss, 256 N.J.Super. 180, 194, 606 A.2d 862 (App.Div.), certif. denied, 130 N.J. 20 (1992). The firm may also be responsible for the hydrogeologist's work on an agency theory. Id. at 195, 606 A.2d 862. The fact that the hydrogeologist may also be responsible to Berlin for any negligence does not vitiate R & V's responsibility for its employee's negligence. Ibid. Thus, the fact that Berlin failed to sue the hydrogeologist is not fatal to its main contention.
The substantial compliance doctrine has been recognized as pertinent to affidavit of merit cases. In Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 240, 708 A.2d 401 (1998), for example, the Supreme Court found that submission of a certification instead of an affidavit substantially complied with the Act. Most recently, we have found a timely filed but late served affidavit and a signed but unsworn and uncertified expert report to substantially comply with the Act. Mayfield v. Community Med. Assocs., 335 N.J.Super. 198, *1035 208-210, 762 A.2d 237 (App.Div.2000). An affidavit that has been obtained but is not provided, however, is not substantial compliance. Kubiak v. Robert Wood Johnson Univ. Hosp., 332 N.J.Super. 230, 236, 753 A.2d 166 (App.Div.2000). Late service of the affidavit also cannot be excused under the substantial compliance doctrine. Burns v. Belafsky, 326 N.J.Super. 462, 468-69, 741 A.2d 649 (App.Div.1999), aff'd on other grounds, 166 N.J. 466, 766 A.2d 1095 (2001) (filing of the affidavit within the sixty day extension period was approved).
Applying the substantial compliance doctrine to this case, we conclude that Berlin substantially complied with the Act and should not have had its complaint dismissed. Getchell is a licensed professional geologist in North Carolina and Pennsylvania. He is a Certified Professional Geologist with the American Institute of Professional Geologists. It is inconsequential that New Jersey does not license geologists for two reasons. First, the Act authorizes an appropriate licensed person to hold an out-of-state license. Second, DEP recognizes Getchell as a New Jersey qualified ground water professional which can be considered similar to licensure. Getchell's expertise is directly related to the lawsuit's subject matter. Getchell more than meets the five-year expertise requirement because he has been Senior Hydrogeologist with a consulting firm specializing in ground-water geology since 1988. Finally, Getchell attested that he has "no financial interest in the outcome of this litigation."
In this case, therefore, Getchell is the "appropriate licensed person," despite the fact that only the engineering firm was sued. The liability pressed against the engineering firm is solely vicarious. Berlin is not claiming that R & V breached any standard of reasonable engineering care. Berlin has made a timely, threshold showing of merit regarding the issue being pressed by Berlin. In re Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997). Furthermore, the affidavit supplied by Berlin contained all of the Act's required information. See Zamel v. Port of N.Y. Auth., 56 N.J. 1, 6-7, 264 A.2d 201 (1970)(substantial compliance found under public entity notice of claim statute where authority had substantially all required information by the filing date).
Nevertheless, we recognize the danger in approving substantial compliance of the Act based on the claimed exclusive thrust of Berlin's complaint. On remand, should Berlin's claims be broadened, there is a risk that the Act's purposes will be thwarted. To protect against engineering malpractice claims being pressed against R & V without the required engineering affidavit of merit having been submitted, we direct that Berlin's liability claim be limited to whether R & V's hydrogeologist negligently sited the well in question and whether the hydrogeologist at the time was employed by or working for R & V. Because no engineering affidavit has been submitted, issues such as negligent supervision or negligent hiring, or any other claim relating to the engineering firm's alleged breach of its professional standard of care, may not be pressed against R & V. Its potential liability shall be limited to responsibility under the doctrines of respondeat superior or agency.
Therefore, we reverse the dismissal of Berlin's complaint and remand for further proceedings. R & V's cross-appeal is dismissed as moot.