801 A.2d 394

A.D., PETITIONER–APPELLANT, v. MORRIS COUNTY BOARD
OF SOCIAL SERVICES, RESPONDENT–RESPONDENT.[1]

Superior Court of New Jersey
Appellate Division

Submitted May 6, 2002—Decided July 2, 2002.

---

[1] In filing the notice of appeal, petitioner used an incorrect caption. We have corrected it so that the caption on appeal conforms with the caption used before the administrative agency from which the appeal emanates. As we noted in *First England Funding v. Aetna Life Ins. & Annuity Co.*, 347 *N.J.Super.* 443, 444 n. 2, 790 *A.2d* 243 (App.Div.2002), "[i]n contradistinction to federal practice, it is customary in New Jersey to maintain the original caption of a case throughout its pendency. *See R.* 2:5–1(f) and Appendix IV (noting that the title of a matter on appeal is to be 'as captioned below'). *Cf. R.* 2:6–2(a)(3) (mandating that references to the parties on appeal shall be as below, not as appellant and respondent)." It is also manifestly incorrect to designate as a respondent on appeal the administrative agency which made the decision being appealed from, rather than the local agency which made the determination that generated the initial petition.

Before Judges PETRELLA, KESTIN and STEINBERG.

*Passaic County Legal Aid Society,* attorneys for appellant (*Stanley G. Sheats,* of counsel and on the brief).

*David Samson,* Attorney General, attorney for respondent (*Patrick DeAlmeida,* Deputy Attorney General, of counsel; *Dennis J. Conklin,* Senior Deputy Attorney General, on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

The named petitioner, A.D., disputed a claim by the Morris County Board of Social Services (the agency) that she had received an overpayment of $8,517 in food stamp benefits from November 1993 through June 1996 due to "inadvertent household error." A.D. requested a "fair hearing" through the Department of Human Services. The matter, classified as a contested case under the Administrative Procedure Act, *N.J.S.A.* 52:14B–9, –10; *see also N.J.A.C.* 1:1–1.1 to –20.3, was set down for a hearing in the Office of Administrative Law, under the title *A.D. v. Morris County Welfare Agency.*[2]

On the basis of the record developed in the hearing, the administrative law judge concluded that an overpayment in the amount of $7,962 had occurred for the period from May 1993 through May 1996, and he ordered A.D. to make restitution in that amount. The Director of the Department's Division of Family Development (the Division) adopted the administrative law judge's initial decision as the final decision in the matter. *See N.J.S.A.* 52:14B–10c. A.D. appeals, arguing that the overpayment was attributable to administrative error, and thus not recoupable; that

[2] Aside from appellant's error in designating the wrong entity as the respondent on appeal, which we have corrected, the Division's designation of A.D. as the petitioner was also incorrect. It was the agency that was seeking relief, *i.e.,* a change in the *status quo,* not A.D., who was merely availing herself of her right to a hearing on the issues raised.

a trust account at issue was not available to A.D. during the indicated period; and that the agency's effort to obtain reimbursement and the Division's decision validating the effort were arbitrary, capricious and unreasonable.

The basis of the overpayment claim was that A.D. had been ineligible for food stamps during the indicated period because her household resources exceeded a $2000 eligibility limit set forth in pertinent regulations. The "household resource" alleged to render A.D. ineligible was a $10,000 surrogate's trust fund for her daughter, J.O., established with the proceeds of a 1990 tort judgment in the child's favor when she was a minor. *See N.J.S.A.* 3B:15–17.1.

J.O. attained majority, *i.e.,* age eighteen, in May 1993, but continued living with her mother until May 1996 when, on reaching twenty-one, she left her mother's household. The agency's reimbursement claim was based on the contention that, as a matter of law, the proceeds of the trust fund had become available to a member of the household, J.O., on her eighteenth birthday. A.D. claimed that the trust fund had not been used at that time because she and her daughter believed twenty-one was the age of majority for purposes of entitling J.O. to access to the trust monies. After granting A.D. some additional time to develop her position with nothing further forthcoming, and in the light of her failure even to disclose the existence of the trust fund to the agency until February 1996, the administrative law judge reached the decision noted above.

The factual findings informing the Division's decision, including those bearing upon credibility, are supported by substantial evidence in the record and are therefore controlling on appeal. *See In re Taylor,* 158 *N.J.* 644, 655–58, 731 *A.*2d 35 (1999); *Close v. Kordulak Bros.,* 44 *N.J.* 589, 598–99, 210 *A.*2d 753 (1965). After reviewing the record in the light of those findings, the arguments advanced by the parties, and pertinent rules of law, we are in substantial agreement with the conclusions and legal determina-

tions made by the administrative law judge and adopted by the Division.

 The error that led to the food stamp overpayment was A.D.'s, and the standard for requiring restitution was met. *See N.J.A.C.* 10:87–11.25(a)(1); *see also* 7 *C.F.R.* § 273.18(b)(2). As a basic matter, there was no "administrative error" attributable to the local agency as defined by applicable regulations. *See N.J.A.C.* 10:87–11.25(b)(1); *see also* 7 *C.F.R.* § 273.18(b)(3). Thus, we reject the legal arguments advanced on A.D.'s behalf, as well as those premised on factual grounds. Even if we were to accept the position offered that the overpayment was the result of administrative error, the agency would not be entirely precluded from recouping the overpayment; it would only be limited in the methods available to collect the amount owed. *See ibid.; Mercer v. Magnant*, 40 *F.*3d 893, 897–98 (7th Cir.1994); *see also Alexander v. Robinson*, 756 *F.*2d 1153, 1156 (5th Cir.1985) (allowing for retroactive application of newly adopted collection methods); *Atlantic City Mun. Utils. Auth. v. Hunt*, 210 *N.J.Super.* 76, 87, 509 *A.*2d 225 (App.Div.1986) (same).

Also, for the first time in her reply brief, A.D. raises an impediment to collection of the entire overpayment, found in *N.J.A.C.* 10:87–11.25(d) and (e) and in the parallel federal source, 7 *C.F.R.* § 273.18(b) and (c). These provisions contain a time limitation on the recoverability of food stamp overpayments. A.D.'s argument in this regard is based on the fact that the agency did not notify her of the overpayment until April 20, 2000, the date it issued its demand letter. A.D. asserts that under the cited State and federal regulations the agency is, at the very least, prohibited from collecting any overpayment made before April 20, 1994, six years previously; and therefore the repayment ordered by the Division is excessive to the extent it reflects overpayments occurring from May 1, 1993 to April 20, 1994 and possibly thereafter.

 It is improper to raise an argument for the first time in a reply brief. Typically, such an argument will not be recognized.

*See Borough of Berlin v. Remington & Vernick Eng'rs,* 337
*N.J.Super.* 590, 596, 767 *A.*2d 1030 (App.Div.), *certif. denied,* 168
*N.J.* 294, 773 *A.*2d 1158 (2001); *see also State v. Smith,* 55 *N.J.*
476, 488, 262 *A.*2d 868, *cert. denied,* 400 *U.S.* 949, 91 *S.Ct.* 232, 27
*L. Ed.*2d 256 (1970); *Lewis v. Catastrophic Illness in Children
Relief Fund Comm'n,* 336 *N.J.Super.* 361, 369 n. 3, 764 *A.*2d 1035
(App.Div.2001); *Township of Warren v. Suffness,* 225 *N.J.Super.*
399, 412, 542 *A.*2d 931 (App.Div.), *certif. denied,* 113 *N.J.* 640, 552
*A.*2d 166 (1988); Pressler, *Current N.J. Court Rules,* comment on
*R.* 2:6–5 (2002). Nevertheless, a standard of appellate practice
should not be applied to permit a public entity to require of a
person subject to its sway a result clearly precluded by the
statutes authorizing the agency's existence or the regulations
establishing the parameters of its authority. Accordingly, we
remand the matter for the Division's reconsideration of the
amount of restitution ordered so as to eliminate any amounts that
may be precluded by the cited regulations.

The decision of the Division requiring A.D. to make restitution
is affirmed. The matter is, however, remanded for recalculation
of the amount due in accordance with the standards of *N.J.A.C.*
10:87–11.25(d) and (e) and cognate federal regulations. We do not
retain jurisdiction.