# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3830-21

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

A.Y.,

      Defendant,

and

K.M.,

      Defendant-Appellant.

_____

IN THE MATTER OF H.M.,
E.M., K.M., and K.M., minors.

_____

      Submitted January 8, 2024 – Decided February 1, 2024

      Before Judges DeAlmeida and Berdote Byrne.

      On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FN-07-0189-21.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong Vinh Dao, Designated Counsel, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Lisa J. Rusciano, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor H.M. (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Randi S. Mandelbaum, of counsel and on the brief; Daniel Adamek, admitted pursuant to Rule 1:21- 3(b), on the brief).

PER CURIAM

Defendant, K.M., "Keith,"[1] appeals from the trial court's finding he abused and neglected his daughter "Heather," pursuant to N.J.S.A. 9:6-8.21(c)(3) and (4) ("Title 9"), by sexually assaulting her with a vibrator, his mouth, and his penis. He claims the trial court erred in relying on Heather and her sister "Kelly's" inadmissible hearsay statements, which were not corroborated as required by law; and Heather's statements, if considered alone, were contradictory and, therefore, insufficient to sustain a finding he sexually abused

---

[1] We use initials and fictitious names to protect the privacy interests of the parties and the confidentiality of the record. See R. 1:38-3(d)(12).

his daughter by a preponderance of the evidence.

Based upon our review of the record and applicable law, we are satisfied the evidence supports a finding of abuse and neglect. Accordingly, we affirm substantially for the reasons set forth by Judge Garry J. Furnari in his thorough, oral decision rendered on May 19, 2022.

We will not recite in detail the history of the Division's interactions with the victim, defendant, his wife, and his other children. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Furnari's decision. We add the following.

Defendant raises these issues for the first time on appeal. The record reflects, prior to the fact-finding hearing, the Division notified the trial court Heather and Kelly were interviewed separately by the Essex County Prosecutors' Office. All parties agreed to permit admission of the videos into evidence. The parties also agreed they were permitted to refer to the videos in closing and reserved the right to argue only the weight of the evidence. Kelly and Heather's appointed law guardians informed the court they had no intention of calling their clients as witnesses. During the fact-finding hearing, the Division moved the entirety of the Division's records and the two recorded statements of Kelly and Heather into evidence, without objection from any party. Defendant's attorney

A-3830-21

clarified defendant had no objection to their admissibility.

Because defendant did not object to what he now claims was inadmissible hearsay, we apply the plain error rule in Rule 2:10-2, which states "[a]ny error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result[.]"  "The mere possibility of an unjust result is not enough."  State v. Funderburg, 225 N.J. 66, 79 (2016).  The plain error standard requires a finding of:  "(1) whether there was error; and (2) whether that error was 'clearly capable of producing an unjust result,' R. 2:10-2; that is, whether there is 'a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached[.]" State v. Dunbrack, 245 N.J. 531, 544 (2021) (quoting Funderburg, 225 N.J. at 79).  We discern no error.

A Title 9 proceeding that includes allegations of child sexual abuse presents unique evidentiary issues.  The legislature explicitly contemplated situations where a child's out-of-court statements regarding abuse are vital pieces of evidence in N.J.S.A. 9:6-8.46(a)(4) by codifying that "previous statements made by [a] child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact finding of abuse or neglect."

4

The admissibility of a child victim's statements is governed by N.J.S.A. 9:6-8.46(a)(4). N.J. Div. of Child Prot. & Permanency v. A.D., 455 N.J. Super. 144, 156 (App. Div. 2018); N.J. Div. of Youth and Family Servs. v. P.W.R., 205 N.J. 17, 32-33 (2011). However, we have previously noted eyewitness testimony or a confession are rare in these matters. N.J. Div. of Youth and Family Servs. v. Z.P.R., 351 N.J. Super. 427, 435-36 (App. Div. 2002) (quoting State v. Swan, 790 P.2d 610, 615-16 (Wash. 1990)); see also N.J. Div. of Child Prot. & Permanency v. I.B., 441 N.J. Super. 585, 591 (App. Div. 2015). Thus, "the corroborative evidence need not relate directly to the alleged abuser, it need only provide support for the out-of-court statements." Ibid. (quoting Z.P.R., 351 N.J. Super at 436). Corroboration requires "some direct or circumstantial evidence beyond the child's statement itself." N.J. Dept. of Child Prot. & Permanency v. N.B., 452 N.J. Super. 513, 522 (App. Div. 2017).

Defendant posits much of the corroborating evidence on which the trial court relied in making its decision was "too indirect." This argument misconstrues the law, which instructs that evidence used to corroborate out-of-court statements pursuant to N.J.S.A. 9:6- 8.46(a)(4) need not exactly mirror the child's abuse allegations. N.J. Div. of Youth & Family Servs. v. L.A., 357 N.J. Super. 155, 166 (App. Div. 2003). Instead, "corroborative evidence 'need only

provide support for the out-of-court statements.'" Ibid. (quoting Z.P.R., 351 N.J. Super. at 436). This is largely because these offenses are usually non-violent and take place in private. Z.P.R., 351 N.J. Super. at 436. In Z.P.R. we concluded "[i]t would be a rare case where evidence could be produced that would directly corroborate the specific allegation of abuse between the child and the perpetrator . . .. The case law does not require that the evidence be that specific before it can be deemed corroborative of the child's out-of-court statements." Id. at 435. "Consequently, in order to give any real effect to the child victim hearsay statute, the corroboration requirement must reasonably be held to include indirect evidence of abuse." Id. at 436.

In this case, there is significant corroborative evidence for Heather's out-of-court statements from various sources. First, Kelly's statements in interviews with the Division, a video interview with the Special Victims Unit investigators, and her statements in her psychosocial forensic evaluation corroborate all of Heather's statements about what happened before, during, and after the sexual assault took place. They corroborate Heather was alone with her father in his room on the night of the incident, "Anne"[2] was working, Heather appeared under the influence that night, Heather called her friend about the assault, and she was

_____

[2] Anne is Kelly and Heather's mother.

A-3830-21

crying. Kelly also confirmed, despite not usually walking around without pants, Heather entered their bedroom following the assault without pants on and was so afraid to see her father after the incident that she left the home without pants on before she was taken to the hospital. Furthermore, Kelly's statements corroborate Heather's call with Anna following the assault and defendant's reaction when Anna came home and told defendant to leave. Kelly's statement that defendant was spraying the bed with Lysol that night, her observation of Mike's Hard Lemonade bottles in the bedroom, defendant's state of intoxication, and the concerning text messages defendant sent to Kelly stating his "mind went blank" and he "let his family down" are all corroborative of Heather's disclosures.

Second, physical evidence from Heather's home discovered by police while executing a search warrant also corroborated Heather's out-of-court disclosures.

Third, Heather's physical symptoms following the sexual abuse corroborate her out-of-court statements. Heather's forensic medical exam on the night of the assault shows Heather reported experiencing oral, vaginal, anal, and penetrative touch. She described her body as "numb" and referring to her vagina and anus, she said, "I am sore down there . . . " Her toxicology results

7

were positive for the same substances she claimed caused her to fall in and out of consciousness during defendant's sexual assault. Anne's observations of Heather's physical and emotional state corroborated Heather's disclosures.

We find no error in the court's detailed findings that Heather's out-of-court statements were corroborated by sufficient admissible evidence, including defendant's own statements against interest, Anna's testimony, Kelly's statements, and the physical evidence recovered by police at the scene.

Defendant also contends, for the first time in his reply brief, the trial court should have, sua sponte, conducted an in-camera interview of Heather. Defendant was on notice the law guardian had no intention of calling Heather as a witness and could have sought the court's permission to call Heather as a witness, in camera or not, given her age. He did not do so.

Additionally, raising issues initially in a reply brief is improper. State v. Smith, 55 N.J. 476, 488 (1970); accord City of Elizabeth v. Elizabeth Fire Off., 198 N.J. Super. 382, 384-85 (App. Div. 1985); Brown v. Shaw, 174 N.J. Super. 32, 39 (App. Div. 1980); see Bacon v. N. J. State Dep't of Educ., 443 N.J. Super. 24, 38 (App. Div. 2015) ("We generally decline to consider arguments raised for the first time in a reply brief."); Bouie v. N.J. Dep't of Comm. Affairs, 407 N.J. Super. 518, 525-26 (App. Div. 2009) (explaining "a party may not advance a

A-3830-21

new argument in a reply brief[,]" and finding an argument raised for the first time in a reply brief "was abandoned"); Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) ("Raising an issue for the first time in a reply brief is improper.").

To the extent we have not addressed plaintiff's remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3830-21