**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3355-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT HILL,

    Defendant-Appellant.

_____

Submitted December 17, 2024 – Decided March 26, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 05-02-0218.

Robert Hill, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel and on the brief).

PER CURIAM

    Defendant Robert Hill appeals from a trial court order denying his petition

for post-conviction relief (PCR) and motion to compel DNA testing. After our

review of the record and applicable legal principles, we affirm substantially for the reasons set forth in the trial court's sound written opinion.

I.

In February 2005, defendant was indicted for conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a) or (b) and murder, N.J.S.A. 2C:11-3(a) or (b) for causing the death of defendant's fiancé, Gwendolyn Boyd. Co-defendant Michael Scott was indicted for the same offenses. Scott pled guilty to conspiracy to commit murder and testified as a State's witness at defendant's trial. In January 2006, a jury found defendant guilty on both charges. After merging the conspiracy conviction into the murder conviction, the court sentenced defendant to life imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed the convictions and we affirmed. State v. Hill, No. A-4536-05 (App. Div. July 28, 2008) (slip op. at 4) (Hill I). The Supreme Court denied certification. State v. Hill, 196 N.J. 601 (2008). Thereafter, defendant filed his first petition for PCR on December 19, 2008, followed by an amended petition on October 22, 2009, after he was assigned counsel. Defendant's PCR petition claimed: (1) there was a conflict of interest between the court and the

2

prosecutor; (2) the racial and sexual composition of the jury was unfair; and (3) trial counsel was ineffective for: (a) informing the jury that he advised defendant not to testify; (b) failing to retain a forensic expert; (c) failing to move for a mistrial after an investigator violated a sequestration order by speaking with Michael Scott; (d) failing to move to dismiss the indictment; (e) failing to strike three jurors; and (f) failing to call numerous defense witnesses. In the petition, defendant also claimed he was denied effective assistance of appellate counsel.

On April 8, 2010, the PCR court issued an order denying all the grounds raised by defendant in his petition. Defendant appealed and we entered a limited remand for the PCR court to consider two certifications relevant to the issues raised in the petition. State v. Hill, No. A-0201-10 (App. Div. Oct. 27, 2011) (slip op. at 1). Thereafter, the trial court denied defendant's PCR petition on remand and on February 1, 2013, we affirmed the trial court's ruling. State v. Hill, No. A-0201-10 (App. Div. Feb. 1, 2013) (slip op. at 2) (Hill II). Defendant moved for reconsideration because he had requested oral argument which was not held. We granted defendant's reconsideration motion and heard argument on May 28, 2013. State v. Hill, A-0201-10 (App. Div. April 24, 2013) (slip op. at 1) (Hill III). Thereafter, we affirmed the denial of defendant's PCR petition for the reasons stated in Hill II. Id., slip op. at 7. On April 3, 2014, the Supreme

3

Court denied certification.  State v. Hill, 217 N.J. 295 (2008).  Also, defendant had initiated a federal action for habeas corpus which was denied.  Hill v. D'Ilio, No. 14-cv-3706, 2018 U.S. Dist. LEXIS 165197 (D.N.J. Sept. 25, 2014).

On August 21, 2020, defendant filed his motion to compel testing under N.J.S.A. 2A:84A-32a (DNA statute) concerning "how and what caused to tear/rip the gloves found at the murder scene," which is the subject of this appeal. Defendant also raised new arguments in his reply certification asserting violations of his due process rights and for a hearing to determine the cause of the tearing/ripping of the gloves asserting evidence at the hearing would prove trial counsel was ineffective.

The trial court denied defendant's motion in a written opinion and order on April 12, 2023.

On appeal, defendant argues the following points:

Point I

APPELLANT ADOPTS AND INCORPORATES BY REFERENCE ALL ARGUMENTS PRESENTED IN HIS MOTION TO COMPEL DNA TESTING OF HOW AND WHAT CAUSED TO TEAR/RIP GLOVES FOUND AT THE MURDER SCENE SUBMITTED INFRA.

A-3355-22

Point II

APPELLANT WAS ENTITLED TO POST-CONVICTION BIOLOGICAL TESTING TO ASCERTAIN [] HOW AND WHAT CAUSED [] [THE] TEAR/RIP [TO THE] GLOVES FOUND AT THE MURDER SCENE.

Point III

THE PCR COURT ERRED IN FAILING TO CONDUCT A FULL EVIDENTIARY HEARING ON DEFENDANT'S CLAIMS.

II.

Although defendant's first point on appeal requests incorporation of the legal arguments in his trial court motion, he failed to include these pleadings in his appendix or a summary of the arguments in his briefing. His reply brief filed in the trial court was contained in his appendix which we note contained his constitutional and ineffective assistance of counsel arguments. In its written opinion, the trial court determined defendant's motion failed to satisfy the DNA statute. Specifically, the trial court determined that: (1) defendant did not assert his identity was an issue at trial under N.J.S.A. 2A:84A-32a(a)(1)(a) but "assume[d] for purposes of the motion [that it was]"; (2) "the glove tips were already tested for DNA, which included Scott and Boyd and excluded the defendant as a contributor" under N.J.S.A. 2A:84A-32a(a)(1)(b) and; (3)

5

defendant's certification failed to address whether he objected to providing a biological sample for testing or to its admissibility at trial under N.J.S.A. 2A:84A-32a(a)(1)(e). The court also concluded that further DNA testing would not be more favorable to him nor would result in a successful motion for a new trial. The trial court found "the relief sought by the defendant is not 'forensic DNA testing' authorized by N.J.S.A. 2A:84A-32a, which empowers the court to order forensic DNA testing upon a finding of good cause." The court continued "[h]ere the defendant is not seeking to have DNA testing of the glove tips, which was already done, but rather to have this court order further forensic testing on the glove tips in an effort to determine 'what caused them to tear/rip.'" The court concluded this type of testing was "outside the DNA statute." We agree.

Post-conviction requests for DNA testing are governed by statute.

> Any eligible person may make a motion before the trial court that entered the judgment of conviction for the performance of forensic DNA testing.
>
> (1) The motion shall be verified by the eligible person under penalty of perjury and shall do all of the following:
>
> (a) explain why the identity of the defendant was a significant issue in the case;
> (b) explain in light of all the evidence, how if the results of the requested DNA testing are favorable to the defendant, a motion for a new trial based upon newly discovered evidence would be granted;

6

(c) explain whether DNA testing was done at any prior time, whether the defendant objected to providing a biological sample for DNA testing, and whether the defendant objected to the admissibility of DNA testing evidence at trial.  If evidence was subjected to DNA or other forensic testing previously by either the prosecution or the defense, the court shall order the prosecution or defense to provide all parties and the court with access to the laboratory reports, underlying data and laboratory notes prepared in connection with the DNA testing;
(d)  make every reasonable attempt to identify both the evidence that should be tested and the specific type of DNA testing sought; and
(e)  include consent to provide a biological sample for DNA testing.

[N.J.S.A. 2A:84A-32a(a)(1).]

In determining a motion to compel DNA testing, the "trial court's decision regarding [the DNA statute] is premised upon the court's judgment and discretion."  State v. Armour, 446 N.J. Super. 295, 306 n.4 (2016).  The court's ruling is accordingly reviewed for an "abuse of discretion."  Ibid.  However, "our review of a trial court's legal determinations . . . is de novo."  Ibid.  "It is defendant's burden to establish that all of the elements necessary for DNA testing have been fulfilled."  Id. at 311 (citing State v. Peterson, 364 N.J. Super. 387, 392-93 (App. Div. 2003)).

DNA testing showing that another person was the source of the crime scene evidence attributed to defendant must be "material to the issue [of the

perpetrator's identity] and not merely cumulative or impeaching or contradictory." Peterson, 364 N.J. Super. at 398. DNA test results that "not only tend [] to exculpate defendant but to implicate someone else" would qualify as proof of the type "that would probably change the jury's verdict if a new trial were granted." Id. at 398-99 (citations omitted); see also State v. DeMarco, 387 N.J. Super. 506, 517 (App. Div. 2006).

Here, testing for DNA on the glove tips was previously performed. The results excluded defendant and implicated Scott. This information was presented at the trial through expert testimony and the jury determined defendant's guilt thereafter. Based on the above undisputed facts, the new DNA testing requested by defendant was not material to the perpetrator's identity and was merely cumulative and contradictory.

Unlike in Peterson, where the DNA to be tested was "one of the primary components of the State's overwhelming evidence," 364 N.J. Super. at 387, here the State did not solely rely on the DNA extracted from the gloves as evidence of defendant's guilt. See Hill I, (slip op. at 10-16). In addition, the record also clearly supports the trial court's finding that defendant's certification failed to address whether he objected to providing a biological sample for testing or to its admissibility as required by the DNA statute. We also point out, as

8

determined by the trial court, that the testing of the gloves related to the "tear[ing]/rip[ping]" is not relevant to DNA testing and therefore was not relief permitted under the DNA statute.

We determine the trial court did not abuse its discretion in denying defendant's motion to compel further DNA retesting of the gloves as there was substantial and credible evidence in the record supporting its findings denying this relief.

III.

We now turn to defendant's assertion the denial of his PCR petition without an evidentiary hearing was error. A defendant is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if they establish a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing only "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

The trial court's first reason for denying the PCR petition was on procedural grounds finding defendant "impermissibly raised [these arguments] for the first time in his reply brief." Therefore, the court did not consider defendant's arguments finding they were "deemed waived" by defendant. The trial court also determined the claim of ineffective assistance of counsel based on the lack of forensic testing "were previously litigated and denied in the context of his [prior] petitions for PCR."

Based on our review of record we discern the trial court was correct that defendant's constitutional and ineffective assistance of counsel arguments were first made in his reply certification. Again, we observe defendant's appendix did not include his initial motion filed with the trial court showing he presented his constitutional/due process and post-conviction relief arguments in his motion rather than in his reply brief as found by the trial court.

Procedurally, a party is not permitted to raise new or expanded arguments in a reply brief. See State v. Smith, 55 N.J. 476, 488 (1970) (stating that a party is not permitted to use a reply brief to enlarge his main argument or advance a new argument); see also Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) ("Raising an issue for the first time in a reply brief is improper."). We deem defendant's failure to include his initial

motion made to the trial court in his appendix to be a telling omission. We therefore find no error with the trial court declining to hear these issues on the merits because defendant raised the issues in his reply submission.

For the sake of completeness, we address the trial court's alternative conclusion that defendant's arguments were barred because they were previously raised and decided. Rule 3:22-5 states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings." Thus, Rule 3:22-5 bars consideration of a contention presented in a PCR petition "if the issue raised is identical or substantially equivalent to that adjudicated previously." State v. Marshall, 148 N.J. 89, 150 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Cnty. Ct. 1979)). This principle is further supported by Preciose, 129 N.J. at 476 ("a prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review"), and State v. McQuaid, 147 N.J. 464, 484 (1997) (holding that issues adjudicated on the merits on direct appeal cannot be re-litigated in PCR proceedings).

11

The record demonstrates defendant raised arguments in prior proceedings claiming trial counsel was ineffective by failing to retain a forensic expert to analyze the cause of the ripped rubber gloves. We addressed and denied this claim when we determined defendant's trial counsel had, in fact, presented two forensic experts, Philip Beesley and Joseph Petersack, who provided testimony supporting the argument that Scott was the perpetrator. We concluded that the defendant's claim that another expert could have created reasonable doubt related to the ripping of the gloves was speculative and unsupported by the record. See Hill II (slip op. at 11-13). This argument was again reiterated in defendant's August 29, 2013 PCR reconsideration motion, where he similarly argued that trial counsel's failure to retain an additional expert constituted ineffective assistance of counsel. Again, we rejected the claim for the reasons stated in our prior opinion. See Hill III (slip op. at 3).

We add that defendant raised the same claim in his federal habeas corpus petition. The federal court reviewed the testimony of Beesley and Petersack and agreed with our conclusion that their testimony advanced the defendant's theory that Scott was the perpetrator. Hill, 2018 U.S. Dist. LEXIS 165197, at *31. The federal court also agreed that the claim of prejudice from the absence of an additional forensic expert was speculative and unsupported. Ibid. The federal

court found that our resolution of the claim was neither contrary to nor an unreasonable application of Strickland nor was it based on an unreasonable determination of the facts. Id. at *31-32.

We conclude the trial court's finding was correct because the same bases supporting defendant's ineffective assistance of counsel claims surrounding the forensic testing of the gloves were asserted as part of his previous PCR petitions and federal habeas corpus action and were denied. Therefore, the trial court's determination barring these same arguments from being reasserted based on Rule 3:22-5 is fully supported by the record. We deem the prior court decisions related to these same issues were adjudications on the merits and were conclusive as related to defendant's claim of ineffective assistance of counsel based on counsel failing to retain an expert to evaluate the gloves.

We further determine defendant's constitutional claims are identical to those arguments raised in his PCR appeal but are guised as a due process argument. Therefore, we determine the argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2)

Based on the foregoing, defendant's point on appeal asserting that an evidentiary hearing should have been held is hereby deemed moot. Even if we consider this argument on the merits, we conclude defendant has failed to raise

a prima facie case in support of PCR as no genuine issues of material fact have been presented which cannot be determined by the detailed procedural record and factual determinations made by the previous courts which would require a hearing.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3355-22