**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3158-23

LINDA GUYDEN,

     Plaintiff-Appellant,

v.

LEEDS, MORELLI & BROWN,
LLP, LENARD LEEDS, ESQ.,
STEVEN A. MORELLI, ESQ., and
JEFFREY K. BROWN, ESQ.,

     Defendants-Respondents.

_____

         Argued January 14, 2026 – Decided February 6, 2026

         Before Judges Mayer, Gummer and Paganelli.

         On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3571-10.

         Kenneth S. Thyne argued the cause for appellant (Simon Law Group, LLC, attorneys; Kenneth S. Thyne, of counsel and on the briefs).

         Evan Krinick (Rivkin Radler, LLP) of the New York bar, admitted pro hac vice, argued the cause for respondents (Rivkin Radler, LLP, Evan Krinick, and Ana Parikh, attorneys; Janice J. DiGennaro (Rivkin

Radler, LLP) of the New York bar, admitted pro hac vice, and Jenna Z. Gabay, on the brief).

PER CURIAM

Plaintiff Linda Guyden appeals from a May 2, 2024 order granting summary judgment in favor of defendants Leeds, Morelli & Brown, P.C.,[1] Steven A. Morelli, Esq., and Jeffrey K. Brown, Esq. (collectively, defendants) and dismissing her amended complaint with prejudice. We affirm.

This matter returns to us for a third time. We incorporate by reference the facts set forth in our prior decisions. See Guyden v. Leeds, Morelli & Brown, LLP (Guyden I), No. A-1027-15 (App. Div. June 11, 2018), and Guyden v. Leeds, Morelli & Brown, LLP (Guyden II), No. A-0129-20 (App. Div. June 30, 2022). Because the parties are familiar with the procedural history and facts spanning nearly ten years of litigation, we limit our recitation of the facts and procedural history to the issues raised in this appeal.

In pursuit of her legal-malpractice claim against defendants, plaintiff was court-ordered to serve her liability expert report by a specific date. The court extended the deadline for service of plaintiff's liability expert report several times.

---

[1] This defendant is currently a professional corporation and uses the "P.C." designation.

A-3158-23

Four days after the final deadline for submitting her expert report, plaintiff served a five-page legal-malpractice liability report authored by Scott B. Piekarsky, Esq. In his report, without specific citations to any standards of care governing the legal profession or the Rules of Professional Conduct (RPCs), Piekarsky concluded it was "obvious" defendants had breached the standard of care applicable to the legal profession and violated the RPCs by advising plaintiff to enter into an Alternate Dispute Resolution (ADR) agreement and arbitrate her employment claim rather than proceed to a jury trial. Piekarsky opined defendants had proximately caused plaintiff to suffer damages based on their legal advice.

In October 2023, defendants moved to strike Piekarsky's report and for summary judgment. In opposition to the motion, for the first time, plaintiff identified David Zatuchni, Esq., as a testifying trial expert in the field of legal malpractice and served a copy of his 2014 expert report on defense counsel. In authoring his expert report, Zatuchni relied on documents provided to him by plaintiff's counsel. However, he failed to specifically identify the documents he had reviewed and relied on in issuing his report. In his report, Zatuchni rendered the following conclusions: competent legal counsel would not have advised plaintiff to arbitrate her employment claim, arbitration caused plaintiff's

damages because she was deprived of necessary discovery, plaintiff would have prevailed before a jury, and a jury would have awarded her compensatory and punitive damages.

The judge granted defendants' motion for summary judgment. He excluded the expert reports authored by Piekarsky and Zatuchni, finding the reports constituted inadmissible net opinion. The judge concluded both experts failed to review critical documents in the record in rendering their expert opinions. Although plaintiff claimed arbitration itself proximately caused her damages, the judge found neither expert had reviewed any of the arbitration documents.

The judge specifically found Piekarsky's report presented threadbare conclusions, lacked any independent analysis, relied on hearsay opinions of non-testifying experts, and failed to specify which RPCs were allegedly violated by defendants or how such violations established defendants' liability. As the judge explained:

> Piekarsky merely conclude[d] the [RPCs] were violated by [defendants'] advice to enter an ADR [agreement] and [defendants'] acceptance of the [legal] fee advance . . . and fail[ed] to explain how any unspecified violation of the [RPCs], in and of itself, constituted a basis for civil liability or established the standard of care.

Additionally, the judge found Piekarsky's had "not even attempt[ed] to identify which ethics rules were allegedly violated" or explain "how [defendants' action] constituted a departure from the standard of care or proximately caused [plaintiff]'s loss."

In reviewing Zatuchni's report, the judge found the report failed to explain how plaintiff would have prevailed before a jury given that she had failed to prevail before the arbitrator. Focusing on Zatuchni's opinion regarding the impact of defendants advising plaintiff "to arbitrate her employment claims and the subsequent loss of the ability to secure necessary discovery," the judge found the opinion "appear[ed] to neglect any discussion of the actual discovery sought or obtained in arbitration, the submitted evidence, the transcript of the testimony taken during the arbitration, or the arbitrator's decision." Further, the judge concluded Zatuchni had "not provide[d] an explanation for why [plaintiff] would have prevailed in court after losing on the merits in an eight-day arbitration, solely asserting that she would have." The judge found "Zatuchni's opinion, suggesting that [p]laintiff was harmed by being placed into arbitration, [was] . . . a net opinion."

The judge concluded it was "imperative for the expert reports not only to elucidate how a jury trial would have benefitted . . . [p]laintiff but also to

A-3158-23

demonstrate how arbitration adversely affected her." The judge explained plaintiff had to "establish that, but for the alleged misconduct, the outcome would have been different, underscoring the importance of scrutinizing the proceedings in arbitration." The judge found neither expert had analyzed the documents submitted to the arbitrator nor the eight days of testimony heard by the arbitrator.

The judge concluded the experts' reports amounted to inadmissible net opinions because the experts had failed to proffer any analysis about "how participating in arbitration resulted in damage to the plaintiff. Other than opining that is true, there [was] nothing underlying the opinion(s)." Because plaintiff failed to proffer competent expert testimony in support of liability or proximate cause, the judge entered summary judgment for defendants and dismissed plaintiff's amended complaint with prejudice.

On appeal, plaintiff argues the judge erred in determining Piekarsky's report constituted a net opinion. Additionally, she claims the judge erred in concluding Zatuchni's report proffered an opinion on damages and, thus, was precluded under a prior court order. We reject these arguments.

We review an order granting summary judgment de novo. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). A court must grant summary judgment "if the

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). A genuine issue of material fact exists where "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

We review a judge's decision to admit or exclude expert testimony for abuse of discretion. See In re Accutane Litig., 234 N.J. 340, 348 (2018). Under this standard, a trial judge's ruling will be reversed "only if it 'was so wide off the mark that a manifest denial of justice resulted.'" Rodriguez v. Wal-Mart Stores, Inc., 237 N.J. 36, 57 (2019) (quoting Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016)).

To prevail on a legal malpractice claim, a plaintiff must satisfy three elements: "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." Nieves v. Off. of the Pub. Def., 241 N.J. 567, 583 (2020) (quoting McGrogan v. Till, 167 N.J.

414, 425 (2001)). "The plaintiff bears the burden of establishing those elements by some competent proof." Morris Props., Inc. v. Wheeler, 476 N.J. Super. 448, 459 (App. Div. 2023) (quoting Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014)). "This burden is not satisfied by mere conjecture, surmise or suspicion." Sommers v. McKinney, 287 N.J. Super. 1, 10 (App. Div. 1996) (citing 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 488 (App. Div. 1994)).

In legal-malpractice cases, the plaintiff must present expert testimony "where the matter to be addressed is so esoteric that the average juror could not form a valid judgment as to whether the conduct of the professional was reasonable." Ibid. (citing Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)). "Because the duties a lawyer owes to his client are not known by the average juror, a plaintiff will usually have to present expert testimony defining the duty and explaining the breach." Stoeckel v. Twp. of Knowlton, 387 N.J. Super. 1, 14 (App. Div. 2006) (citing Sommers, 287 N.J. Super. at 10).

"In rare cases, expert testimony is not required in a legal malpractice action where the duty of care to a client is so basic that it may be determined by the court as a matter of law." Sommers, 287 N.J. Super. at 10 (citing Brizak v. Needle, 239 N.J. Super. 415, 429 (App. Div. 1990)). Similarly, "[i]n legal-

malpractice cases, proximate causation ordinarily must be established by expert testimony, except when 'the causal relationship between the attorney's legal malpractice and the client's loss is so obvious that the trier of fact can resolve the issue as a matter of common knowledge.'" Morris Props., 476 N.J. at 460 (citing 2175 Lemoine Ave. Corp., 272 N.J. Super. at 490).

The net-opinion rule precludes expert witnesses from offering "conclusions that are not supported by factual evidence or other data." Townsend v. Pierre, 221 N.J. 36, 53-54 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 583 (2008)). An expert must "'give the why and wherefore' that supports the opinion, 'rather than a mere conclusion.'" Id. at 54 (quoting Borough of Saddle River v. 66 E. Allendale, LLC, 216 N.J. 115, 144 (2013)). An expert's "bare conclusions, unsupported by factual evidence, [are] inadmissible." Davis, 219 N.J. at 410 (alteration in original) (quoting Buckelew v. Grossbard, 87 N.J. 512, 524 (1981)).

"The net opinion rule is not a standard of perfection." Townsend, 221 N.J. at 54. "The rule does not mandate that an expert organize or support an opinion in a particular manner that opposing counsel deems preferable." Ibid. An "expert's failure to give weight to a factor thought important by an adverse party does not reduce his testimony to an inadmissible net opinion if he otherwise

9

offers sufficient reasons which logically support his opinion." Ibid. (quoting Rosenberg v. Tavorath, 352 N.J. Super. 385, 402 (App. Div. 2002)).

"The net opinion rule, however, mandates that experts 'be able to identify the factual bases for their conclusions, explain their methodology, and demonstrate that both the factual bases and the methodology are reliable.'" Id. at 55 (quoting Landrigan v. Celotex Corp., 127 N.J. 404, 417 (1992)). "An expert's conclusion 'is excluded if it is based merely on unfounded speculation and unquantified possibilities.'" Ibid. (quoting Grzanka v. Pfeifer, 301 N.J. Super. 563, 580 (App. Div. 1997)). "A party's burden of proof on an element of a claim may not be satisfied by an expert opinion that is unsupported by the factual record or by an expert's speculation that contradicts that record." Ibid.

Having reviewed the record, we are satisfied the judge correctly concluded the expert reports authored by Piekarsky and Zatuchni constituted impermissible net opinions. Neither expert explained the "why and wherefore" in support of their conclusions. Borough of Saddle River, 218 N.J. at 144. Neither expert identified which RPCs were violated by defendants or how defendants' conduct violated those RPCs. Even if the experts had done so, the RPCs do not "in themselves create a duty" and "a violation of the RPCs, standing

10

alone, can[not] form the basis for a cause of action." Baxt v. Liloia, 155 N.J. 190, 201 (1998).

We note plaintiff's merits brief did not address the judge's conclusion that Zatuchni's report constituted impermissible net opinion. "An issue not briefed on appeal is deemed waived." Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (citations omitted).

Plaintiff raised the net-opinion issue regarding Zatuchni's report only in her reply brief. "An appellant may not raise new contentions for the first time in a reply brief." L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014) (citing Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001)). Thus, we could decline to consider this argument. However, because the judge concluded Zatuchni's expert report constituted inadmissible net opinion for the same reasons he precluded Piekarsky's report, we discern no abuse in the judge's exclusion of Zatuchni's report.

Legal malpractice cases usually require expert testimony to prove liability and proximate cause. See Morris Props., 476 N.J. at 460. Such testimony is

unnecessary only in cases where liability or causation are so obvious that jurors could resolve those issues as a matter of common knowledge. Ibid.

In this case, a recommendation to participate in arbitration in a complex multi-plaintiff employment discrimination lawsuit requires expert testimony to assist the jury in determining whether defendants breached the standard of care in the legal profession. Contrary to Piekarsky's claim, it is not "obvious" that plaintiff would have prevailed before a jury or obtained a larger settlement had she not arbitrated her employment claim.

Plaintiff required expert testimony to prove liability and proximate cause in this intricate legal-malpractice case. Here, neither expert provided the why and wherefore to establish liability and causation required for plaintiff to prevail on her legal malpractice claim. Consequently, the judge did not abuse his discretion in excluding the expert reports as net opinion. Without expert testimony, as was necessary for plaintiff to present her legal-malpractice case, the judge properly granted summary judgment to defendants.

Because we are satisfied the judge properly granted summary judgment after concluding plaintiff's the experts' reports constituted impermissible net

12

opinion, we need not address the judge's other reasons for granting summary judgment.

To the extent we have not addressed any of plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13