**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3447-22

F.L.,

    Plaintiff-Respondent,

v.

E.S.Y.,

    Defendant-Appellant.

_____

> Argued June 5, 2024 – Decided July 29, 2024
>
> Before Judges Vernoia and Gummer.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2724-14.
>
> E.S.Y., appellant, argued the cause pro se.
>
> F.L., respondent pro se.

PER CURIAM

    In this post-judgment matrimonial case, defendant E.S.Y. appeals from a provision of an April 12, 2023 order requiring him to make weekly child-support

payments of $374 and a June 14, 2023 order denying his motion to modify that amount and to require plaintiff F.L.[1] to disclose "any concealed income."[2] We affirm both orders.

I.

The parties were married in 2005 and had two children, one born in 2005 and the other in 2008. The parties divorced by way of a judgment of divorce (JOD) on March 30, 2016. Pursuant to the JOD, defendant was required to make by wage garnishment monthly payments of $1,000 in limited duration alimony for four-and-one-half years and weekly payments of $226 in child support. The JOD required the parties to revisit the "percentage of child support and the child support calculations . . . once the limited duration alimony cease[d]."

Defendant moved for reconsideration of the JOD. A Family Part judge denied his motion on June 30, 2016. Defendant appealed from the JOD and the denial of his motion, arguing parts of the JOD, including the judge's findings regarding his income, had not been supported by sufficient credible evidence.

---

[1] Plaintiff did not participate in oral argument.

[2] We use initials to protect the parties' privacy given our extensive discussion about their purported incomes as reported in part in their Family Case Information Statements submitted to the court pursuant to Rule 5:5-2. See R. 1:38-3(d)(1) (excluding from public access "Family Case Information Statements required by [Rule] 5:5-2").

We affirmed, holding "[t]he specific findings that the trial court made were all supported by substantial credible evidence" and "[t]he trial court correctly noted that defendant sought to introduce new information on his motion for reconsideration, but that the information had been available to defendant at the time of trial," and "correctly concluded that defendant's attempt to supplement and expand the record was not permitted." F.L. v. E-S.Y., No. A-5115-15 (App. Div. Jan. 18, 2018) (slip op. at 6-7). On June 22, 2018, on plaintiff's motion, a Family Part judge entered a qualified domestic relations order enforcing the JOD. Defendant appealed that order; we affirmed. F.L. v. E-S.Y., No. A-5632-17 (App. Div. Nov. 26, 2019).

In 2020, asserting he had a $3,978.73 credit balance in his support payments, defendant moved to suspend or reduce temporarily the wage garnishment until the credit balance was depleted. A Family Part judge granted his motion in part, finding plaintiff had a credit balance of $3,750.33 and ordering his weekly child-support obligation be reduced to $126 and his weekly alimony obligation be reduced to $130.77 for approximately four and a half months, at which time the credit would be deemed satisfied. Plaintiff moved for reconsideration. The judge denied that motion. Plaintiff appealed the order temporarily reducing defendant's support obligations and the order denying her

3

reconsideration motion. We affirmed. [F.L. v. E-S.Y.], No. A-0411-20 (App. Div. May 25, 2022).

On July 8, 2022, defendant again moved to temporarily suspend or reduce his child-support obligation to "reimburse" him for alimony overpayments he allegedly had made. Plaintiff cross-moved to compel the probation department to audit defendant's support payments and for a review of the child-support calculations as of September 30, 2020, when defendant's alimony obligation ended, in accordance with the JOD.

In a September 9, 2022 order, the judge denied defendant's motion to temporarily suspend obligations without prejudice, pending a "financial review . . . to determine the full amount of child support and alimony arrears owed by [d]efendant"; denied defendant's motion to temporarily reduce his child-support obligation; and granted plaintiff's cross-motion. For the review of the child-support calculations, the judge ordered:

> Both parties are to submit complete Case Information Statements [(CISs)], 2021 State and Federal tax returns, 2021 W[-]2's, 2021 1099's, and their last [three] paystubs to the Court and serve same upon each other [by] October 7, 2022. In the event that either party fails to provide the Court with the required financial information, the other shall provide an [a]ffidavit setting forth his or her best estimate as to the other party's income.

A-3447-22

In accordance with the order, plaintiff submitted her CIS, tax returns, W-2s, and paystubs. In her CIS, plaintiff reported she had been laid off by her employer on September 9, 2022, "due to housing market and mortgage rate hikes." She reported a gross income of $141,482.91 for the previous calendar year and an average gross weekly income, including commissions and bonuses, based on her last three pay periods, of $1,426.66. Plaintiff also listed her gross "Year-to-Date Earned Income," between March 1, 2022, and September 18, 2022, as $53,993.90. Based on that date range, she calculated and listed her net average income per month, $6,586,51, and per week, $1,529.01. Due to her unemployment, plaintiff stated her annual salary was $0.

Defendant submitted his CIS, W-2s, and paystubs. In his CIS, he reported a gross income of $144,528 for the previous calendar year and an average gross weekly income, including commissions and bonuses, based on his last three pay periods, of $1,638.12. Defendant also listed his gross "Year-to-Date Earned Income," between January 1, 2022, and September 30, 2022, as $112,000. Based on that date range, he calculated and listed his net average income per month, $6,376, and per week, $1,594.

In violation of the September 9, 2022 order, defendant failed to submit his tax returns. Defendant sent the judge an email, in which he asserted he had not

5

submitted his tax returns because he had "filed joint 2021 tax returns with [his] wife [who] refuse[d] to release [them] to [him]," apparently referencing his current wife, not plaintiff. Defendant advised the judge he "suspect[ed] plaintiff voluntarily quit [her] high paying job." He provided no support for that assertion.

According to plaintiff, because defendant had failed to submit his tax returns, she submitted an affidavit setting forth her best estimate of defendant's income, pursuant to the September 9, 2022 order. That affidavit was not included in the appellate record.

On April 12, 2023, the judge entered an order modifying defendant's child-support obligation, increasing it to weekly payments of $374, effective August 15, 2023.

On or about May 7, 2023, defendant moved for an adjustment of his child-support obligation, based on his assertions his "actual weekly gross taxable income" was $2,779.38 and annual income was $144,528 and plaintiff's "reported weekly gross taxable income" was $2,720.83 and annual income was

$141,482.91. He also asked the court to compel plaintiff "to disclose any concealed income."[3]

In support of that motion, defendant submitted his certification, to which he attached copies of the April 12, 2023 order and the CISs he and plaintiff had submitted pursuant to the September 9, 2022 order. He also attached as a separate exhibit a document dated April 25, 2023, and entitled "Child Support Guidelines – Sole Parenting Worksheet." On the worksheet, a weekly gross taxable income of $833 was listed for plaintiff and $3,125 for defendant, meaning 24% of the parties' combined income had been attributed to plaintiff and 76% of it to defendant. The worksheet lists a weekly net child support obligation for defendant of $374. The worksheet was not attached to the April 12, 2023 order and was dated nearly two weeks after entry of the order.

In his certification, defendant argued the judge had undervalued plaintiff's weekly gross income by setting it at $833. In support of that assertion, defendant

---

[3] Defendant did not include a copy of the notice of motion in the appellate record. We based that description of the motion from the subsequent order memorializing the judge's decision on the motion. In her appellate brief, plaintiff characterized the motion as "a late motion . . . [for] reconsideration." In his merits brief, defendant referred to it as a "motion to respectfully request the Trial Court to consider using accurate income from both parties to calculate child support." In his reply brief, he described the motion as a "regular motion . . . not a motion for reconsideration."

A-3447-22

calculated a weekly gross taxable income of $2,720.83 for plaintiff based on a 2021 annual income of $141,482.91 reported by plaintiff in her CIS. He also questioned how she could afford the monthly expenses of $10,722.70 she reported on her CIS if her weekly income was only $833. Defendant argued the judge had overvalued his weekly gross income by setting it at $3,125. Defendant used $144,528, the gross earned income for the previous year he had reported on his CIS, to calculate a weekly gross income of $2,779.38. Defendant did not include any other documents, such as copies of his tax returns, in support of his motion for modification. According to defendant, that plaintiff on her CIS used the period March 1, 2022, to September 18, 2022, instead of January 1, 2022, to September 18, 2022, to report her earned income "raise[d] the question of whether the plaintiff is attempting to conceal actual income."

In a certification submitted in opposition to the motion, plaintiff asserted defendant had not submitted "a scintilla of proof or evidence to support his wild unsupported accusations/allegations." Plaintiff certified she was still unemployed.

In a reply certification, defendant accused plaintiff of "engaging in deliberate reduction and evasion of child support payment calculation" and faulted her for not submitting evidence of "reasonable efforts [of] trying to find

8

jobs, and the vocational evaluation . . . to prove [her] inability to find a job."  He claimed the court failed to consider his purported prior period of unemployment when it established his child-support obligation in the JOD, a judgment we affirmed in 2018.  See F.L., No. A-5115-15.  He asked the court to consider "plaintiff's vocational potential and income capacity," a request he had not made in his initial certification.  And for the first time, he provided copies of his 2021 tax returns as an attachment to the certification.

On June 14, 2023, the judge placed a decision on the record and entered an order denying defendant's motion.  The judge stated in his decision that "[t]he calculations in child support w[ere] based on income of $[8]33 per week for the plaintiff, $3,125 per week for the defendant[.] . . . [T]hose amounts were provided by the respective parties.  And those are the amounts that we used in child support."

On July 24, 2023, defendant filed his notice of appeal, indicating he was appealing from "[p]oint 23" of the April 12, 2023 order, in which the judge held defendant's child-support obligation was $374 per week, and the entire June 14, 2023 order.

## II.

Our review of a Family Part judge's findings is limited. We "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We review a Family Part judge's imputation of income and child-support determination for an abuse of discretion. Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015). "Reversal is warranted only if the findings were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We also review orders denying reconsideration motions under an abuse-of-discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We review questions of law de novo. Amzler, 463 N.J. Super. at 197.

The Family Part has authority under N.J.S.A. 2A:34-23 to modify child-support awards. Spangenberg, v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015). The statute provides child-support orders "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A.

2A:34-23. "Our courts have interpreted this statute to require a party who seeks modification to prove 'changed circumstances[.]'" Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)). "[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990). To establish changed circumstances, a "party seeking modification has the burden of showing such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved." Lepis, 83 N.J. at 157 (quoting Martindell v. Martindell, 21 N.J. 341, 353 (1956)).

According to defendant, the motion he filed in May 2023 for an adjustment of his child-support obligation that resulted in the June 14, 2023 order was a "regular motion . . . not a motion for reconsideration." As a "regular motion," unlike a reconsideration motion, it did not toll the running of the time to appeal the April 12, 2023 order. See R. 2:4-3(e). Accordingly, his attempt to appeal from the April 12, 2023 order in his July 24, 2023 notice of appeal fails because it was untimely. See R. 2:4-1(a).

Viewed as a motion to modify his child-support obligation, the judge correctly denied the motion. Defendant did not allege, much less demonstrate, that a change of circumstances warranting relief occurred between the April 12, 2023 order and when he filed his motion the following month. See Lepis, 83 N.J. at 157. And defendant failed to comply with Rule 5:5-4(a)(4), which requires a movant seeking a modification of child support to include both a prior and a current case information statement in his motion. See Palombi v. Palombi, 414 N.J. Super. 274, 287-88 (App. Div. 2010).

Even if viewed, as plaintiff contends, as a motion for reconsideration, defendant's appeal is without merit. In violation of the September 9, 2022 order, defendant did not submit his tax returns. Because of that failure, defendant was allowed, pursuant to the order, to submit an affidavit setting forth her best estimate of his income. Defendant did not include a copy of that affidavit in the appellate record. The Family Part judge rendered a decision, as memorialized in the April 12, 2023 order, based on the information provided by the parties. We have no basis, considering the record before us, to conclude his "findings were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Amzler, 463 N.J. Super. at 197 (quoting Rova Farms, 65 N.J. at 484).

We also have no basis to reverse the June 14, 2023 order. In his moving papers, defendant did not demonstrate "either 1) the [c]ourt ha[d] expressed its decision based upon a palpably incorrect or irrational basis, or 2) it [wa]s obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Triffin v. SHS Group, LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). To support his claims about his income, defendant finally submitted his tax returns as an exhibit to his reply certification. But a party cannot use a reconsideration motion as a vehicle for presenting evidence or arguments that could have been provided in the original motion. Cummings, 295 N.J. Super. at 384.

And "[r]aising an issue for the first time in a reply brief is improper." Berardo v. City of Jersey City, 476 N.J. Super. 341, 354 (App. Div. 2023) (quoting Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001)). In addition to waiting until his reply certification to submit his tax returns, defendant improperly raised other issues for the first time in his reply brief, such as his unsupported allegation plaintiff was failing to make reasonable efforts to find employment. The judge did not abuse his

discretion in not considering defendant's belatedly-submitted returns and belatedly-raised issues.

To the extent we have not otherwise commented on them, we have duly considered defendant's other arguments and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION